**Joseph J. Haddad, WSBA No. 47665**
joseph@jjh-law.com
**JJH LAW, P.C.**
514 NW 11th Ave., Ste. 201
Portland, OR 97209
Phone: (503) 552-1467
Fax: (503) 552-1468

## IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **AUSTIN COVINGTON**, an individual, and **WENDY BUCK**, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| v. | **(42 U.S.C. § 2000e *et seq.* and Washington law, RCW 49.60.180, RCW 49.60.30, and RCW 49.52.050)** |
| **GERMAN WISE DENTAL LLC dba LOWER COLUMBIA ORAL HEALTH**, a Washington limited liability company, and **SAM WISE**, an individual, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiffs, Austin Covington and Wendy Buck, by and through undersigned counsel, makes the following complaint against Defendants German Wise Dental LLC dba Lower Columbia Oral Health and Sam Wise alleging as follows:

**NATURE OF THE ACTION**

1.

Austin Covington and Wendy Buck (collectively, "Plaintiffs") bring this action for monetary relief, damages, costs, and attorney's fees for themselves to redress injuries done to them by Defendant German Wise Dental LLC dba Lower Columbia Oral Health ("LCOH") and Sam Wise and officers, employees or agents of LCOH in contravention of their rights under the Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and their state protected rights under the Revised Code of Washington ("RCW") 49.60.180, 49.60.30, and 49.52.050. Plaintiffs reserve the right to seek punitive damages against Defendants for these violations of federal and state law.

**JURISDICTION AND PARTIES**

2.

Plaintiff Austin Covington is a natural person and a citizen of Nevada.

3.

Plaintiff Wendy Buck is a natural person and a citizen of Washington.

4.

Defendant LCOH is a Washington limited liability company, with its principal place of business in Longview, Washington, and at all times material doing business in Cowlitz county, Washington. At all material times, Defendant LCOH employed at least 15 individuals within the state of Washington.

5.

Defendant Sam Wise is a natural person and a citizen of Washington.

6.

**2 | Complaint**

This Court has jurisdiction over Plaintiffs federal claims under 28 U.S.C. §§ 2201 and 2202 pursuant to 28 U.S.C. §§ 1331, 1343; 42 U.S.C. § 2000e *et seq*.  This Court also has supplemental jurisdiction over Plaintiffs state claims pursuant to 42 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims.

7.

Venue is proper within the United States District Court, Western District of Washington, pursuant to 28 U.S.C. § 1391(b) because all or substantially all of Plaintiffs claims arose in this judicial district.

8.

Plaintiffs filed timely claims with the Equal Employment Opportunity Commission ("EEOC") raising the issues alleged herein.  Plaintiffs administrative matters have closed, and they have been issued a notice of right to sue.  Plaintiffs have therefore exhausted administrative procedures.  All claims herein are timely filed within any applicable statute of limitations.

9.

At all material times, Plaintiffs were supervised by LCOH employees or agents and Plaintiffs relied on the actual or apparent authority of the LCOH's employees, supervisors and management.

## PLAINTIFF COVINGTON'S FACTUAL ALLEGATIONS

10.

On or around August 5, 2019, Mr. Covington began working for LCOH as the Clinic Manager of LCOH's dental practice, earning a salary of $4,000 and a monthly bonus of $1,500 after a 30-day waiting period.

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209

11.

Upon his hiring, LCOH's owner, Sam Wise, began making derogatory references to Mr. Covington's sexuality and/or stereotypes based on gender.  For example, within days of Mr. Covington's hiring, Wise shared the hiring news with the dental practice's prior owner, Daniel Haghighi.  In response to the news, Haghighi appeared surprised and told Wise that he thought he only hired women.  Wise responded that Mr. Covington was not really a man since Mr. Covington was gay.

12.

A few weeks after his hiring, during a staff meeting Wise again commented on Mr. Covington's sexuality.  Mr. Covington was humiliated by the discussion of his sexuality among his peers and he asked Wise to stop discussing his sexuality.  In response Wise stated that because he had relocated to Washington from Saudi Arabi to exercise his freedom of speech, he was not going to stop saying what he wanted.

13.

Since the completion of Mr. Covington's 30-day waiting period, Wise refused to pay Mr. Covington the agreed upon $1,500 monthly bonus.

14.

Approximately a month after Wise last discussed Mr. Covington's sexuality in the workplace, Wise commented that if he and other staff got too close to Mr. Covington, they would get "Austinitis."  Mr. Covington's coworker asked Wise what he meant by "Austinitis" and Wise stated that if you stood close to Mr. Covington, you could become gay.

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209

15.

Around this time, Mr. Covington heard a patient ask Wise who Mr. Covington was.  Wise responded to the patient, "oh the gay one? That's my new manager."  Mr. Covington again requested Wise stop with the derogatory references to Mr. Covington by his sexuality.  In response, Wise explained he would continue saying anything he wanted to about Mr. Covington.  Indeed, Wise continued referring to Mr. Covington as "the gay one" with patients at least two or three other times following the first instance.

16.

In or around mid-September 2019, Mr. Covington gave Wise a two-week resignation notice, stating he was tired of the constant sexual harassment from Wise.  In response Wise stated he would stop commenting on Mr. Covington's sexuality.  Mr. Covington accepted the assurance that the sexual harassment would stop, and he rescinded his resignation.

17.

In or around October 2019, Wise commented that he did not want a picture of him, and Mr. Covington posted to the practice's website because the public would think Wise was gay if he was pictured with Mr. Covington.

18.

In or around October, Wise was in the breakroom with Mr. Covington and several other employees, all of which were women, and he made a comment that God made men to use their stingers to pollinate as many flowers as he wanted.

19.

In or around October 2019, Mr. Covington informed Wise that his interactions with female staff could be construed as sexual harassment.  With Mr. Covington's position duties including

**5 | Complaint**

human resource duties, Wise was essentially the only individual Mr. Covington could report his

discrimination and retaliation concerns to and he had no choice but to confront Wise about actions

of Wise which Mr. Covington felt were unlawful.  For example, on one occasion, Wise told a

female employee that she was overweight and should lose weight if she wanted to keep working

there.  Wise told that employee that he would pay for her to have a gym membership to attend to

the gym with him or buy her weight loss pills because he felt she had a pretty face and could model

for him someday.  In response to Mr. Covington informing Wise that his comments were sexual

harassment, Wise stated he was simply exercising his freedom of speech and if anyone had a

problem with it, he would fire the employees one-by-one.  The next day, Wise informed the staff

during their morning meeting that if anyone could not handle what he says, they could leave the

practice.  Mr. Covington stood up in the meeting and stated Wise's comments were wrong and he

should not ever make anyone uncomfortable in the workplace.  Wise stated it was "his way or the

highway" and that no one had enough money to sue him anyway so Mr. Covington should "leave

the drama to the staff."

20.

Shortly after, Wise expressed in a staff meeting that he "loved" an employee, Tiffani, "the

most" because she believed in him.  Following the meeting Mr. Covington told Wise that he could

not say such statements.  Tiffani quit shortly thereafter.  Mr. Covington again met with Wise and

explained that as an equal opportunity employer, Wise needed to use better words and treat

everyone equal.  Wise then demanded that Mr. Covington do anything to get Tiffani to work for

him again.

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209

21.

In or around mid-October 2019, in response to Wise directing staff to treat patients differently on the basis of Medicaid or Medicare recipients, Mr. Covington informed Wise that he could not discriminate against the clinic's patients in that manner. Wise explained that he would continue doing whatever he wanted to.

22.

On or around October 28, 2019, Wise asked the billing department and dental assistants to code for procedures that were not performed in order to bill more money to the patient's insurance provider. In response to learning this instruction, Mr. Covington told Wise that doing so would constitute insurance fraud. Wise responded unconcerned and explained he needed to do what he could to get more money from the state-insured patients since he barely broke even with those patients.

23.

On or around October or November 2019, Mr. Covington informed Wise that he needed to stop using a laser to do fillings since he had not received proper training or certifications to use the laser. The laser had previously been the property of the former owner of the practice. Throughout the first several weeks of Mr. Covington's employment, he grew more concerned that Wise was not using the laser properly due to a strong smell of burning teeth that resulted from Wise using it on patients. When Mr. Covington learned Wise was not properly trained or certified to use the device, he was concerned Wise was committing dental malpractice and he told Wise he needed to stop using it until he was trained and certified. Mr. Covington then enrolled Wise in a class to learned how to properly use the device.

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209

24.

In or around October, Mr. Covington was individually approached by two dental assistants that each reported Wise had been retroactively changing patient chart notes created by them in a manner which made them inaccurate and not truthful.  Mr. Covington then spoke with Wise with the two dental assistants present and Mr. Covington explained that the law requires everything with patients, whether it be treatments or instructions to the patients, be appropriately documented in the chart in case the chart was needed for legal reasons.  Wise responded that it was his liability on the line, not the dental assistants, and he would do whatever he needed.  Shortly thereafter, Wise fired one of the assistants for her accurate and truthful chart notes which Wise felt ultimately did not benefit him.

25.

In or around early November 2019, Wise required Mr. Covington attend a dental conference with him in Las Vegas, Nevada.  While in Las Vegas, Wise attempted to coerce Mr. Covington into having a sexual encounter with him.  Mr. Covington refused to engage in any sexual act with Wise and he returned home to Washington.

26.

On or around November 18, 2019, Wise told Mr. Covington that his position was being eliminated, effective immediately, due to budget cuts, with Wise assuming Mr. Covington's management and human resource duties.  Wise also told Mr. Covington that he was "worthless" and did not need to work there anymore.  Following Mr. Covington's termination on November 18, 2020, Wise wrongfully withheld Mr. Covington's final paycheck for his work performed on that day, totally approximately 10 hours of work.

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209

27.

Following Mr. Covington's termination, Wise has posted derogatory and defamatory statements about Mr. Covington online with shifting reasons for terminating Mr. Covington. Wise additionally posted a younger picture of Mr. Covington which Wise, upon information and belief, had previously obtained during Mr. Covington's pre-employment background check. The picture Wise shared publicly to their Cowlitz county community outed Mr. Covington being born biologically female.

28.

At all material times, Defendant knew Mr. Covington was born biologically female.

## PLAINTIFF BUCK'S FACTUAL ALLEGATIONS

29.

On or around September 19, 2019, Ms. Buck was hired as a front desk worker at LCOH's dental practice. Ms. Buck's job duties included greeting patients, answering phones, handling scheduling matters, and performing payroll.

30.

Within weeks of Ms. Buck starting work with LCOH, Ms. Buck began observing inappropriate comments the practice's owner and Ms. Buck's direct supervisor, Sam Wise, would make about women and Austin Covington, LCOH's Clinic Director that identified as gay.

31.

On or around November 18, 2019, Wise terminated Mr. Covington and in the days following Wise expressed animosity to Ms. Buck that she was closely associated with Covington. After Mr. Covington's termination, Wise took over Mr. Covington's human resources duties and

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209

Wise became the only authority at LCOH employees could report discrimination and retaliation concerns to.

32.

On or around November 26, 2019, Wise talked with the staff in a meeting about how he was "above the law" and the staff should therefore demonstrate loyalty to Wise, even if it meant lying in patient charts.  Upon information and belief, prior to this, Mr. Covington had confronted Wise on several occasions for engaging in harassing behavior with the staff.  Wise taunted in this meeting that if anyone sued him for sexual harassment, they should just do it since "only 1% ever makes it to court."  Wise then fired a dental assistant.

33.

On or around December 3, 2019, Wise told the staff that he wanted the staff, which was all women, to begin dressing like "models."  Wise stated he wanted the women to wear more makeup, wear feminine outfits, and high heels.  Wise also stated that the women were required to refresh their makeup after lunch.  Wise's directions were captured in LCOH's written policy called the "Front Desk Bible," which contained written policies which required Ms. Buck and her coworkers "[w]ear a decent outfit with classy makeup" which was "refreshed after lunchtime."  In the evening on December 3rd, Ms. Buck spoke with Wise about his requirements and she opposed the dress code.  Wise stated that it was required.

34.

In the days and weeks that followed Wise's new requirement, Ms. Buck continued to oppose the requirement on several occasions.  Ms. Buck refused to wear high heels in the winter weather, and she refused to wear and refresh her makeup to Wise's liking.

**10 | Complaint**

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209

35.

On or around January 6, 2020, a coworker of Ms. Buck's shared a copy of new LCOH written policies with her, which were dated January 1, 2020.  Ms. Buck was concerned to read statements such as:

(a) "Under no circumstance any employee can consider [Wise's] statements/ behaviors inappropriate, offensive, or harassment. All employees agreed to waive all their rights for any legal litigation or any type of slandering against Dr. Wise for whatever act or statement he says. If anyone doesn't like his way of speech or the way he acts, he/she is free to leave after a written two weeks' notice. This is a private business owned completely by Dr. Wise. Whomever doesn't like his way should leave without criticism. Negative comments even in private conversations will be considered a breach of the honor code and could be punished by decreasing monthly evaluation of the employee that may affect the hourly pay for the coming pay period and/or bonuses."

(b) "All employees are expected to wear decent outfits and take care of their personal hygiene an appearance and wear decent makeup and perfumes.  If they cannot afford that, the office will provide the necessary makeup, perfume, and outfits. These will be in the female bathrooms to be used in the office only."

(c) "In case of neglection that causes any damage or loss including but not limited to losing a patient, appointment cancelation, bad online review, fines, late fees, or penalties the employee will be liable."

36.

After experiencing months of discriminatory and retaliatory behavior from Wise, upon viewing the new policies crafted by Wise which attempted to excuse and enforce his actions which Ms. Buck believed to be unlawful, Ms. Buck felt the work environment was so intolerable and she had no other choice but to immediately resign.  At that time, there were no HR workers nor anyone other than Wise to report workplace concerns to, and the only result from Ms. Buck's previous reports and opposition to Wise was his express condonement and escalation of his unlawful behavior, most recently with LCOH's new January 1, 2020 policy.

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209

## PLAINTIFF COVINGTON'S DAMAGES

### 37.

As a direct and proximate result of Defendants' unlawful actions alleged herein, Plaintiff Covington has and will continue to suffer economic damages. Plaintiff Covington is entitled to recover from Defendants such lost wages and benefits of employment and other economic losses in such amount as may be established at trial.  Solely for purposes of estimating such economic losses through the date of this lawsuit, Plaintiff Covington estimates and alleges such economic damages to be $78,750.

### 38.

Reinstatement is not feasible, and Plaintiff Covington is entitled to recover an appropriate amount in lost future wages and lost earning capacity in an amount to be determined at trial. Plaintiff Covington estimates and alleges such damages to be $198,000.

### 39.

As a further result of Defendants' actions alleged herein, Plaintiff Covington has suffered both emotional distress and is entitled to recover noneconomic damages, including emotional and mental harm for which he should be compensated in an amount found to be appropriate by the jury based on the evidence presented at trial. Plaintiff Covington estimates and alleges such noneconomic damages to be $300,000.

### 40.

Plaintiff Covington is entitled to a declaration that Defendants' acted in violation of the statutes set forth in his claims for relief and equitable relief enjoining Defendants from future violations of the statutes set forth herein, and such other relief on such terms as the court or jury may direct.

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209

## PLAINTIFF BUCK'S DAMAGES

41.

As a direct and proximate result of Defendant's unlawful actions alleged herein, Plaintiff Buck has and will continue to suffer economic damages. Plaintiff Buck is entitled to recover from Defendant such lost wages and benefits of employment and other economic losses in such amount as may be established at trial.  Solely for purposes of estimating such economic losses through the date of this lawsuit, Plaintiff Buck estimates and alleges such economic damages to be $32,000.

42.

Reinstatement is not feasible, and Plaintiff Buck is entitled to recover an appropriate amount in lost future wages and lost earning capacity in an amount to be determined at trial. Plaintiff Buck estimates and alleges such damages to be $107,000.

43.

As a further result of Defendant's actions alleged herein, Plaintiff Buck has suffered both emotional distress and is entitled to recover noneconomic damages, including emotional and mental harm for which she should be compensated in an amount found to be appropriate by the jury based on the evidence presented at trial. Plaintiff Buck estimates and alleges such noneconomic damages to be $300,000.

44.

Plaintiff Buck is entitled to a declaration that Defendant's acted in violation of the statutes set forth in her claims for relief and equitable relief enjoining Defendant from future violations of the statutes set forth herein, and such other relief on such terms as the court or jury may direct.

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209

## PLAINTIFF COVINGTON'S CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Title VII of the Civil Rights Act, Discrimination and/or Harassment
### 42 U.S.C. § 2000e–2
### (Plaintiff Covington Against Defendant LCOH)

45.

Plaintiffs re-allege damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this Complaint.

46.

42 U.S.C. § 2000e–2(a) provides:

> It shall be an unlawful employment practice for an employer: to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

47.

Defendant engaged in unlawful employment practices, because Defendant discriminated against and ultimately discharged Plaintiff Covington from employment because of Plaintiff's gender, sexual orientation, and/or gender identity.  Defendant would not have treated Plaintiff Covington as described above had it not been because of Plaintiff's gender, sexual orientation, and/or gender identify and Defendant's stereotypes related to gender.

48.

As stated above, Defendant subjected Plaintiff Covington to unwelcome sex-based and/or sexual orientation-based comments and severe or pervasive verbal conduct of sexual and/or sexual orientation nature that unreasonably interfered with Plaintiff's work performance and altered the conditions of Plaintiff's employment to create an abusive and hostile work environment.

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209

49.

Defendant intentionally created or maintained discriminatory working conditions based upon Plaintiff Covington's gender, sexual orientation, and/or gender identify.

50.

Defendant is liable and responsible for Wise's unlawfully sexually and/or sexual orientation harassing conduct because, as an owner of Defendant and the highest-ranking supervisor at the company, Wise's was sufficiently high that he was Defendant's proxy.

51.

Alternatively, or in addition, Defendant is responsible for Wise's unlawfully sexually and/or sexual orientation harassing conduct because, as an owner of Defendant and the highest-ranking supervisor at the company, Wise was a supervisor with immediate or successively higher authority over Plaintiff and, on information and belief, Wise participated in and was responsible for Defendant's decision to discharge Plaintiff Covington.

52.

Alternatively, or in addition, Defendant is responsible for Wise's unlawfully sexually and/or sexual orientation harassing conduct because Defendant knew of the severe or pervasive harassment and failed to take immediate and appropriate corrective action.

53.

Defendant discharged Plaintiff Covington because of his gender, sexual orientation, and/or gender identify.

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209

54.

As a result of the harassing conduct Defendant knew or should have known about, Plaintiff Covington suffered harm and Defendant's conduct was a motivating factor in causing Plaintiff's harm.

55.

As a result of a violation of 42 U.S.C. § 2000e–2, an employee is entitled to: (1) compensatory damages, such as lost wages and employment benefits, covering past and future losses with appropriate interest, as well as damages for pain, suffering, and emotional distress, 42 U.S.C. §§1981a, 2000e-5(g)(1); (2) punitive damages, 42 U.S.C. § 1981a; and (3) costs and attorney fees, 42 U.S.C. § 2000e-5(k).

56.

As a result of Defendant's unlawful conduct, Plaintiff Covington has incurred and continues to incur lost wages and benefits in an amount to be proven at trial, as set forth above.

57.

As a direct and proximate result of Defendant's conduct, Plaintiff Covington has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to Plaintiff's non-pecuniary loss, in an amount to be determined at trial, as set forth above.

58.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff Covington's federally protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209

59.

As a result of Defendant's unlawful actions, Plaintiffs seek the full extent of damages

Plaintiffs are entitled to by law.

**SECOND CLAIM FOR RELIEF**
**Title VII of the Civil Rights Act, Retaliation**
**42 U.S.C. § 2000e–2**
**(Plaintiff Covington Against Defendant LCOH)**

60.

Plaintiffs re-allege damages and incorporates by reference the facts and allegations set forth

in the prior paragraphs of this Complaint.

61.

42 U.S.C. § 2000e–3(a) provides:

> It shall be an unlawful employment practice for an employer to
> discriminate against any of his employees or applicants for
> employment, for an employment agency, or joint labor-management
> committee controlling apprenticeship or other training or retraining,
> including on-the-job training programs, to discriminate against any
> individual, or for a labor organization to discriminate against any
> member thereof or applicant for membership, because he has
> opposed any practice made an unlawful employment practice by this
> subchapter, or because he has made a charge, testified, assisted, or
> participated in any manner in an investigation, proceeding, or
> hearing under this subchapter.

62.

Defendant engaged in unlawful employment practices, because Defendant discriminated

against and ultimately discharged Plaintiff Covington from employment because Plaintiff reported

and/or opposed a practice made unlawful by 42 U.S.C. § 2000e, *et seq.*  As set forth above, Plaintiff

Covington opposed sexual harassment and/or discrimination Defendant subjected him to, and

Plaintiff additionally opposed harassment and discrimination Defendant subjected Plaintiff's

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209

coworkers to.  Defendant discriminated against, wrongfully withheld wages, and terminated Plaintiff for such opposition.

63.

As a result of a violation of 42 U.S.C. § 2000e–2, an employee is entitled to: (1) compensatory damages, such as lost wages and employment benefits, covering past and future losses with appropriate interest, as well as damages for pain, suffering, and emotional distress, 42 U.S.C. §§1981a, 2000e-5(g)(1); (2) punitive damages, 42 U.S.C. § 1981a; and (3) costs and attorney fees, 42 U.S.C. § 2000e-5(k).

64.

As a result of Defendant's unlawful conduct, Plaintiff Covington has incurred and continue to incur lost wages and benefits in an amount to be proven at trial, as set forth above.

65.

As a direct and proximate result of Defendant's conduct, Plaintiff Covington has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to each Plaintiff's non-pecuniary loss, in an amount to be determined at trial, as set forth above.

66.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff Covington's federally protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

67.

As a result of Defendant's unlawful actions, Plaintiffs seek the full extent of damages Plaintiffs are entitled to by law.

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209

## THIRD CLAIM FOR RELIEF
### Discrimination and/or Harassment
### RCW 49.60.180 & 49.60.30
### (Plaintiff Covington Against Defendant LCOH)

68.

Plaintiffs re-allege damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this Complaint.

69.

Defendant engaged in unlawful employment practices, because Defendant discriminated against and ultimately discharged Plaintiff Covington from employment because of Plaintiff's gender, sexual orientation, and/or gender identify.  Defendant would not have treated Plaintiff as described above had it not been because of Plaintiff's sex and Defendant's stereotypes related to gender.

70.

Defendant subjected Plaintiff Covington to unwelcome sex-based and/or sexual orientation-based comments and severe or pervasive verbal conduct of sexual and/or sexual orientation nature that unreasonably interfered with Plaintiff's work performance and altered the conditions of Plaintiff's employment to create an abusive and hostile work environment.

71.

Defendant intentionally created or maintained discriminatory working conditions based upon Plaintiff Covington's gender, sexual orientation, and/or gender identify.

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209

72.

Defendant is liable and responsible for Wise's unlawfully sexually and/or sexual orientation harassing conduct because, as an owner of Defendant and the highest-ranking supervisor at the company, Wise's was sufficiently high that he was Defendant's proxy.

73.

Alternatively, or in addition, Defendant is responsible for Wise's unlawfully sexually and/or sexual orientation harassing conduct because, as an owner of Defendant and the highest-ranking supervisor at the company, Wise was a supervisor with immediate or successively higher authority over Plaintiff Covington and, on information and belief, Wise participated in and was responsible for Defendant's decision to discharge Plaintiff.

74.

Alternatively, or in addition, Defendant is responsible for Wise's unlawfully sexually and/or sexual orientation harassing conduct because Defendant knew of the severe or pervasive harassment and failed to take immediate and appropriate corrective action.

75.

Defendant discharged Plaintiff Covington because of his gender, sexual orientation, and/or gender identify.

76.

As a result of the harassing conduct Defendant knew or should have known about, Plaintiff suffered harm and Defendant's conduct was a substantial factor in causing Plaintiff's harm.

77.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial, as set forth above.

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209

78.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to Plaintiff's non-pecuniary loss, in an amount to be determined at trial, as set forth above.

79.

Plaintiff Covington is entitled to recover his costs and attorneys' fees pursuant to RCW 49.60.030(2).

80.

As a result of Defendant's unlawful actions, Plaintiffs seek the full extent of damages Plaintiffs are entitled to by law.

**FOURTH CLAIM FOR RELIEF**
**Willful Withholding of Wages**
**RCW 49.52.050**
**(Plaintiff Covington Against Defendant LCOH and Defendant Wise)**

81.

Plaintiffs re-allege damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

82.

RCW 49.52.050(2) provides that any employer who "willfully and with intent to deprive the employee of any part of his wages, pays any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" is guilty of a misdemeanor.

83.

RCW 49.52.070 provides that any employer, including any officer, vice principal or agent of the employer, who violates the foregoing statute shall be liable in a civil action for twice the amount of wages withheld, together with costs of suit and reasonable attorneys' fees.

**21 | Complaint**

84.

By failing to pay Plaintiff Covington wages on November 18, 2019 for ten hours of his time

worked at his rate of $25 per hour and by failing to pay Plaintiff Covington additional wages of $4,500

he was owed collectively for the months of September, October, and November 2019, as alleged above,

in violation of statute and in tort, Defendants willfully and with intent deprived Plaintiff Covington of

wages pursuant to RCW 49.52.050, and Plaintiff Covington is therefore entitled to exemplary double

damages on all back wages. *Allstot v. Edwards*, 114 Wn. App. 625, 633-35 (2002).

85.

At all material times, Plaintiff Covington did not knowingly submit to Defendants'

withholding of his wages, as alleged above.

86.

As a result of the unlawful acts of Defendants LCOH and Wise, Plaintiff Covington has

been deprived of compensation in amount of $4,750 or other amount to be proven at trial, and

pursuant to RCW 49.52.070 are entitled to recovery of twice such amounts, including interest

thereon, and attorneys' fees and costs.

**FIFTH CLAIM FOR RELIEF**
**Wrongful Discharge in Violation of Public Policy**
**(Plaintiff Covington Against Defendant LCOH)**

87.

Plaintiffs re-allege damages and incorporates by reference the facts and allegations set forth

in the prior paragraphs of this Complaint.

88.

Washington Law Against Discrimination provides an especially strong public policy basis

for a claim of wrongful discharge resulting from an employee's complaint of discrimination.

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209

89.

In addition, the Washington Industrial Safety and Health Act codifies Washington's recognition of a strong public policy of ensuring workplace safety and protecting workers who report potential safety violations.

90.

Defendant contravened Washington's strong public policy promoting a workplace free from discrimination and retaliation when it failed to protect Plaintiff Covington when he engaged in protected conduct by complaining of discrimination and unsafe dental equipment practices.

91.

Defendant's conduct is more egregious than failing to remedy the unlawful employment practices. Defendant's treatment of Plaintiff Covington worsened because he engaged in protected activity.

92.

As a direct and proximate result of Defendant's wrongful termination of Plaintiff Covington, he has suffered actual economic damages in the form of lost earnings and benefits and additional financial consideration associated with the loss of gainful employment in an amount to be proven at trial, as set forth above.

93.

As a direct and proximate result of Defendant's wrongful termination of Plaintiff Covington, he has suffered non-economic damages in the form of emotional harm and other damages, in an amount to be proven at trial, as set forth above.

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209

## PLAINTIFF BUCK'S CLAIMS FOR RELIEF

### SIXTH CLAIM FOR RELIEF
### Title VII of the Civil Rights Act, Gender Discrimination
### 42 U.S.C. § 2000e–2
### (Plaintiff Buck Against Defendant LCOH)

94.

Plaintiffs re-allege damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this Complaint.

95.

Defendant engaged in unlawful employment practices, because Defendant discriminated against and ultimately constructively discharged Plaintiff Buck from employment because of Plaintiff's gender.  Defendant would not have treated Plaintiff as described above had it not been because of Plaintiff's gender and Defendant's stereotypes related to gender roles.

96.

Defendant intentionally created or maintained discriminatory working conditions based upon Plaintiff Buck's gender.

97.

Defendant constructively discharged Plaintiff Buck because of her gender.

98.

As a result of the harassing conduct Defendant knew or should have known about, Plaintiff Buck suffered harm and Defendant's conduct was a substantial factor in causing Plaintiff's harm.

99.

As a result of a violation of 42 U.S.C. § 2000e–2, an employee is entitled to: (1) compensatory damages, such as lost wages and employment benefits, covering past and future losses with appropriate interest, as well as damages for pain, suffering, and emotional distress, 42

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209

U.S.C. §§1981a, 2000e-5(g)(1); (2) punitive damages, 42 U.S.C. § 1981a; and (3) costs and attorney fees, 42 U.S.C. § 2000e-5(k).

100.

As a result of Defendant's unlawful conduct, Plaintiff Buck has incurred and continues to incur lost wages and benefits in an amount to be proven at trial. Plaintiff Buck will continue to have lost income and benefits into the future.

101.

As a direct and proximate result of Defendant's conduct, Plaintiff Buck has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to Plaintiff Buck's non-pecuniary loss, in an amount to be determined at trial, as set forth above.

102.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff Buck's federally protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial, as set forth above.

103.

As a result of Defendant's unlawful actions, Plaintiffs seek the full extent of damages Plaintiffs are entitled to by law.

**SEVENTH CLAIM FOR RELIEF**
**Title VII of the Civil Rights Act, Discrimination Based on Association**
**42 U.S.C. § 2000e–2**
**(Plaintiff Buck Against Defendant LCOH)**

104.

Plaintiffs re-allege damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this Complaint.

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209

105.

Defendant engaged in unlawful employment practices, because Defendant discriminated against and ultimately constructively discharged Plaintiff Buck from employment because of Plaintiff's close association with an individual, Austin Covington, that Defendant perceived as a gay man, transgender, and/or presented in a manner different from stereotypes related to gender.

106.

Defendant intentionally created or maintained discriminatory working conditions based upon Plaintiff Buck's close association with Covington.

107.

Defendant constructively discharged Plaintiff Buck because of her close association with Covington.

108.

As a result of a violation of 42 U.S.C. § 2000e–2, an employee is entitled to: (1) compensatory damages, such as lost wages and employment benefits, covering past and future losses with appropriate interest, as well as damages for pain, suffering, and emotional distress, 42 U.S.C. §§1981a, 2000e-5(g)(1); (2) punitive damages, 42 U.S.C. § 1981a; and (3) costs and attorney fees, 42 U.S.C. § 2000e-5(k).

109.

As a result of Defendant's unlawful conduct, Plaintiff Buck has incurred and continues to incur lost wages and benefits in an amount to be proven at trial, as set forth above.

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209

110.

As a direct and proximate result of Defendant's conduct, Plaintiff Buck has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to Plaintiff Buck's non-pecuniary loss, in an amount to be determined at trial, as set forth above.

111.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff Buck's federally protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

112.

As a result of Defendant's unlawful actions, Plaintiffs seek the full extent of damages Plaintiffs are entitled to by law.

**EIGHTH CLAIM FOR RELIEF**
**Title VII of the Civil Rights Act, Retaliation**
**42 U.S.C. § 2000e–2**
**(Plaintiff Buck Against Defendant LCOH)**

113.

Plaintiffs re-allege damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this Complaint.

114.

42 U.S.C. § 2000e–3(a) provides:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209

participated in any manner in an investigation, proceeding, or hearing under this subchapter.

### 115.

Defendant engaged in unlawful employment practices, because Defendant discriminated against and ultimately discharged Plaintiff Buck from employment because Plaintiff reported and/or opposed a practice made unlawful by 42 U.S.C. § 2000e, *et seq.*  Plaintiff opposed and/or complained about illegal gender discrimination as set forth above and Defendant constructively discharged Plaintiff for such opposition.

### 116.

As a result of a violation of 42 U.S.C. § 2000e–2, an employee is entitled to: (1) compensatory damages, such as lost wages and employment benefits, covering past and future losses with appropriate interest, as well as damages for pain, suffering, and emotional distress, 42 U.S.C. §§1981a, 2000e-5(g)(1); (2) punitive damages, 42 U.S.C. § 1981a; and (3) costs and attorney fees, RCW 49.60.030(2).

### 117.

As a result of Defendant's unlawful conduct, Plaintiff Buck has incurred and continues to incur lost wages and benefits in an amount to be proven at trial, as set forth above.

### 118.

As a direct and proximate result of Defendant's conduct, Plaintiff Buck has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to Plaintiff Buck's non-pecuniary loss, in an amount to be determined at trial, as set forth above.

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209

119.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff Buck's federally protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

120.

As a result of Defendant's unlawful actions, Plaintiffs seek the full extent of damages Plaintiffs are entitled to by law.

### NINTH CLAIM FOR RELIEF
### Discrimination and/or Harassment
### RCW 49.60.180 & 49.60.30
### (Plaintiff Buck Against Defendant LCOH)

121.

Plaintiffs re-allege damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this Complaint.

122.

Defendant engaged in unlawful employment practices, because Defendant discriminated against and ultimately discharged Plaintiff Buck from employment because of Plaintiff's gender and/or her association with Covington, who Defendant perceived as a gay man, transgender, and/or an individual that presented in a manner different from stereotypes related to gender.   Defendant would not have treated Plaintiff Buck as described above had it not been because of Plaintiff's gender and/or her association with Covington.

123.

Wise subjected Plaintiff Buck to unwelcome gender-based comments and severe or pervasive verbal conduct of sexual and/or sexual orientation nature that unreasonably interfered

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209

with Plaintiff's work performance and altered the conditions of Plaintiff's employment to create an abusive and hostile work environment.

124.

Defendant intentionally created or maintained discriminatory working conditions based upon Plaintiff Buck's gender and/or her close association with Covington.

125.

Defendant is liable and responsible for Wise's unlawfully harassing conduct because, as an owner of Defendant and the highest-ranking supervisor at the company, Wise's was sufficiently high that he was Defendant's proxy.

126.

Alternatively, or in addition, Defendant is responsible for Wise's unlawfully harassing conduct because, as an owner of Defendant and the highest-ranking supervisor at the company, Wise was a supervisor with immediate or successively higher authority over Plaintiff Buck and, on information and belief, Wise participated in and was responsible for Defendant's decision to discharge Plaintiff.

127.

Alternatively, or in addition, Defendant is responsible for Wise's unlawfully harassing conduct because Defendant knew of the severe or pervasive harassment and failed to take immediate and appropriate corrective action.

128.

Defendant constructively discharged Plaintiff Buck because of her gender and/or close association with Covington.

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209

129.

As a result of the harassing conduct Defendant knew or should have known about, Plaintiff Buck suffered harm and Defendant's conduct was a substantial factor in causing Plaintiff's harm.

130.

As a result of Defendant's unlawful conduct, Plaintiff Buck has incurred and continues to incur lost wages and benefits in an amount to be proven at trial, as set forth above.

131.

As a direct and proximate result of Defendant's conduct, Plaintiff Buck has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to Plaintiff Buck's non-pecuniary loss, in an amount to be determined at trial, as set forth above.

132.

Plaintiff Buck is entitled to recover her costs and attorneys' fees pursuant to RCW 49.60.030(2).

133.

As a result of Defendant's unlawful actions, Plaintiffs seek the full extent of damages Plaintiffs are entitled to by law.

**TENTH CLAIM FOR RELIEF**
**Wrongful Discharge in Violation of Public Policy**
**(Plaintiff Buck Against Defendant LCOH)**

134.

Plaintiffs re-allege damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this Complaint.

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209

135.

Washington Law Against Discrimination provides an especially strong public policy basis for a claim of wrongful discharge resulting from opposing discriminatory workplace policies.

136.

Defendant contravened Washington's strong public policy promoting a workplace free from discrimination and retaliation when pursuant to Defendant's policy dated January 1, 2020, Defendant required Plaintiff Buck waive her legal rights with regard to Defendant's discriminatory and retaliatory actions against her.

137.

Defendant's conduct is more egregious than failing to remedy its unlawful employment practices. Defendant sought a waiver from Plaintiff Buck to continue its unlawful employment practices in exchange for Plaintiff's continued employment and/or employment without any reduction in her pay.

138.

As a direct and proximate result of Defendant's wrongful constructive termination of Plaintiff Buck, she has suffered actual economic damages in the form of lost earnings and benefits and additional financial consideration associated with the loss of gainful employment in an amount to be proven at trial, as set forth above.

139.

As a direct and proximate result of Defendant's wrongful constructive termination of Plaintiff Buck, she has suffered non-economic damages in the form of emotional harm and other damages, in an amount to be proven at trial, as set forth above.

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial on all claims and issues to the extent allowed under the law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs requests the following judgments and relief according to proof:

1. Economic damages;

2. Non-economic damages;

3. Reasonable costs and attorney's fees per statute;

4. Equitable relief including a permanent injunction enjoining LCOH from engaging in any employment practice which discriminates on the bases as alleged in this Complaint;

5. For prejudgment and post-judgment interest as appropriate and allowed by law;

6. On all claims, as applicable, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving payment of wages over the applicable time frame;

7. Punitive damages; and

8. All such other relief as this Court may deem proper.

Dated: December 1, 2020.                    **JJH LAW, P.C.**

                                                            s/ Joseph Haddad
                                                            Joseph J. Haddad, WSBA No. 47665
                                                            joseph@jjh-law.com

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209