UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AUSTIN COVINGTON,<br><br>                    Plaintiff,<br><br>    v.<br><br>GERMAN WISE DENTAL, LLC,<br><br>                    Defendant. | CASE NO. C20-cv-06173-LK<br><br>ORDER DENYING MOTION TO CONTINUE DEADLINES |

## I.    INTRODUCTION

This matter came before the Court on a motion filed on December 30, 2021 by Defendants German Wise Dental, LLL and Sam Wise, (collectively, "Defendants"), to extend the December 13, 2021 discovery deadline by 60 days and the January 12, 2022 dispositive motions deadline by 14 days. Dkt. No. 27. Plaintiffs oppose the motion.

## II.    BACKGROUND

Plaintiffs Austin Covington and Wendy Buck initiated this action in December 2020, alleging state and federal employment discrimination and retaliation claims. Dkt. No. 1. On May 7, 2021, the Court issued a case schedule, setting deadlines for the completion of discovery and

ORDER DENYING MOTION TO CONTINUE DEADLINES - 1

the filing of dispositive motions. Dkt. No. 14. On August 19, 2021, Defendants' counsel withdrew, Dkt. No. 16, and Defendants' current counsel appeared on October 4, 2021, Dkt. No. 19. The same day, Defendants moved to continue the deadlines for expert witness disclosures and reports, and the Court granted the motion, finding good cause based on the recent appearance of new counsel. Dkt. No. 23. In its order, the Court stated, "The Court reminds Defendants, however, of their obligations to timely submit motions." *Id.* at 2.

The discovery deadline expired on December 13, 2021. Dkt. No. 14. More than two weeks later, Defendants filed this motion to extend that deadline and the dispositive motions deadline on December 30, 2021. Dkt. No. 27. The dispositive motions deadline expired on January 12, 2022, a few days after the January 7, 2022 noting date for this motion.

### III. DISCUSSION

Scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." LCR 16(b)(6). Moreover, Local Civil Rule 7(j) cautions that, "whenever possible," a motion for relief from a deadline should "be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline. Parties should not assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise."

Federal Rule of Civil Procedure Rule 16(b) "primarily considers the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations*, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Although "prejudice to the party opposing the modification [of a scheduling order] might supply additional reasons to deny a motion, the focus . . . is upon the moving party's reasons for seeking modification." *Id.*

When parties seek to extend a deadline after it has elapsed, an excusable neglect standard applies. *See* Fed. R. Civ. P. 6(b). Whether a litigant has established excusable neglect is entrusted to the court's discretion, considering (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party acted in good faith. *See, e.g.*, *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004).

Because the discovery deadline had already passed when Defendants moved to extend it, the Court applies the excusable neglect standard to that deadline and the good cause standard to the dispositive motion deadline, which had not yet passed. Defendants have not met either standard.

Plaintiffs do not identify any prejudice they would suffer as a result of the requested extensions, but the delay could impact the Court's proceedings because the April 12, 2022 trial date is quickly approaching, leaving the Court insufficient time to consider any dispositive motion that Defendants have not yet filed. Therefore, the length of the delay and its potential impact on the proceedings weigh against granting the extension.

The Court also finds that Defendants have not been diligent. Although Defendants speculate that they "appear to have been the targets of a conspiracy" and want to "query Plaintiffs about the materials they receive from Dr. Haghighi," Dkt. 27 at 2, Defendants make no attempt to explain why they could not have filed their motion earlier. Defendants have not shown that they were diligent in seeking that discovery during the approximately one-year period this case was pending before the discovery deadline. Defendants do not identify any efforts they made to obtain the communications from the competitor or from Plaintiffs or any obstacles they confronted in those efforts. Nor have Defendants explained why they did not include a request to

extend the discovery deadline or dispositive motions deadline with the motion for a continuance they filed in October 2021 or at any time before the discovery deadline expired. Therefore, Defendants have not demonstrated that they have been diligent in pursuing discovery during the time allotted, and the Court finds that Plaintiffs have not demonstrated good cause or excusable neglect to continue the deadlines.

## IV.   CONCLUSION

Because Defendants have not demonstrated excusable neglect or good cause, the Court DENIES their motion to continue the deadlines, Dkt. No. 27.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 26th day of January, 2022.

*Lauren King*

Lauren King
United States District Judge