UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AUSTIN COVINGTON, an individual, and WENDY BUCK, and individual,<br><br>Plaintiffs,<br>v.<br><br>GERMAN WISE DENTAL, LLC,<br><br>Defendant. | CASE NO. C20-cv-06173-LK<br><br>ORDER STRIKING PRETRIAL SUBMISSIONS, PRETRIAL CONFERENCE, AND TRIAL |

The parties have filed deficient pretrial submissions that prevent this Court from proceeding to the pretrial conference and trial. Due to the parties' violations of the Local Civil Rules, this Court's chambers procedures, and the scheduling order (Dkt. No. 14), the Court STRIKES the parties' recent pretrial submissions, the pretrial conference, and the trial. Dkt. Nos. 34–43. The Court details below the deficiencies in the parties' submissions and the potential sanctions that will be considered by the Court if the parties fail to comply with applicable rules and procedures in the future. The Court also issues a new scheduling order.

ORDER STRIKING PRETRIAL SUBMISSIONS, PRETRIAL CONFERENCE, AND TRIAL - 1

## I. DISCUSSION

**A.    The Proposed Pretrial Orders**

Before the Court are two deficient proposed pretrial orders. Dkt. Nos. 34, 35. The first proposed pretrial order was filed on March 21, 2022. Dkt. No. 34. Although it bore the signatures of both parties, Dkt. No. 34 at 8,[1] Plaintiffs—without explanation—filed a second proposed pretrial order on March 22, 2022. Plaintiffs filed this second submission after the due date for the pretrial order, *see* Dkt. No. 14, but they incorrectly dated it as having been timely filed, Dkt. No. 35 at 6.[2]

Local Civil Rule ("LCR") 16(k) requires parties to meet no later than ten days before the proposed pretrial order is filed to "enter into stipulations with reference to as many facts, issues, deposition excerpts, and exhibits as possible," and to "cooperate in developing" a "*single* pretrial order[.]" (Emphasis added.) The pretrial order "shall, insofar as possible, be in the form set forth . . . in LCR 16.1." LCR 16(k). Among other things, LCR 16.1 requires the parties to submit to the Court a list, in "table format," itemizing each exhibit the parties wish to introduce at trial. And for each exhibit, the parties must provide a description; indicate whether authenticity is stipulated or disputed; indicate whether admissibility is stipulated or disputed; and, if applicable, specify the Federal Rule(s) of Evidence under which any objection arises. *See also* LCR 16.1 ("[A]dditional objections should be referenced by a code that the parties include with the exhibit list."). The exhibit descriptions "should identify specific documents intended to be introduced, not categories," such that the opposing party is able to make informed objections to the proposed

---

[1] Counsel for Defendants signed as "Attorney for Plaintiff" in the space provided for approval of the form.

[2] The second proposed pretrial order appears identical to the first in all respects, except that Plaintiffs appear to have deleted the sections describing the Defendants' exhibits and replaced two paragraphs describing Defendants' trial witnesses with a statement that Defendants' trial witnesses are "[t]o be determined (TBD)." *Compare* Dkt. No. 34 at 3, 6–7, *with* Dkt. No. 35 at 3, 5. Plaintiffs do not explain why they filed a second proposed pretrial order or the reasons for their deletions.

exhibits. *Johnson v. M. Melnick & Co.*, No. 91 CIV. 7961 (LAP), 1996 WL 239994, at *5 (S.D.N.Y. May 8, 1996). The provisions of LCR 16 are "strictly enforced" in order to "accomplish effective pretrial procedures and to avoid wasting the time" of the Court. *See* LCR 16(m).

It is evident to the Court that the parties did not conduct the required LCR 16(k) meeting. Instead of providing the information required by LCR 16.1, the parties submitted to the Court what is effectively a blank table in which they indicate that the authenticity, admissibility, and objections for each and every exhibit are "[t]o be determined." Dkt. No. 34 at 4–7. Several of the parties' exhibit "descriptions" are likewise unhelpful and deficient. For example, Plaintiffs' Exhibit Number 6 is apparently comprised of "Plaintiff Buck unemployment application, et. al. documents"; Exhibit Numbers 45 and 46 consist of unspecified filings or documents from the "Darci Cooper Lawsuit" and "LauraLee Quigley Lawsuit"; Exhibit 48 is an unspecified number of "Social Media Posts"; and Exhibits 51-100 are simply designated as "Texts." *Id.* at 4–5. The proposed pretrial order also provides an extended due date for submission of special instructions "pending the Court's approval of an extension," Dkt. No. 34 at 8, but no motion for extension was filed with the Court as required by LCR 7(j).

In sum, the parties' proposed pretrial orders are unacceptable. The Court accordingly STRIKES Docket Numbers 34 and 35.

**B.      The Jury Instructions**

LCR 51 requires parties to exchange proposed jury instructions, verdict forms, and special interrogatories (if necessary) 21 days before jury instructions are due. The parties must "confer with the objective of filing with the court one set of agreed-upon instructions, verdict forms, and interrogatories." LCR 51(e). If they cannot agree, they must file two documents: (1) joint instructions and (2) a joint statement of disputed instructions. LCR 51(f). Each disputed instruction

must be presented in a specific order, *id.*, and all instructions—whether disputed or not—must be submitted in a specific format, LCR 51(g).

Plaintiffs and Defendants have each submitted deficient proposed jury instructions. Among the deficiencies are the following:

- Instead of filing joint submissions in the format required by LCR 51, the parties filed separate proposed instructions. Dkt. Nos. 38, 41.

- Although the Defendants filed their (unilateral) proposed jury instructions on the due date, Dkt. No. 38, there was no proposed verdict form as required by LCR 51(f).[3]

- Plaintiffs did not file proposed jury instructions or a proposed verdict form until after the due date, but they again improperly dated their submissions as if they were timely filed. Dkt. No. 41 at 49; Dkt. No. 42 at 11.

- The parties failed to submit their proposed instructions in Word format to the Court's email orders address as required by LCR 51(h) and Section I.B.6.a of the Court's chambers procedures.

It is also evident to the Court that the parties did not exchange instructions or confer as required by LCR 51. The Court STRIKES the defective proposed jury instructions and verdict form, Dkt. Nos. 38, 41, 42.

**C.    The Statement of the Case**

A day after the "agreed neutral statement of the case" was due, *see* Dkt. No. 14, the Plaintiffs filed a unilateral proposed "statement of the case," Dkt. No. 43. Again, the submission was improperly dated as if it had been filed on the due date. *Id.* at 3. As should be evident from

---

[3] The Court also notes that Defendants' jury instructions, Dkt. No. 38, and trial brief, Dkt. No. 39, violate LCR 10(e)(5), which directs that "[e]ach pleading, motion or other filing shall bear line numbers in the left margin, leaving at least one-half inch of space to the left of the numbers."

the title of the document, the agreed neutral statement of the case must be an agreed statement. The statement should be suitable for reading to the jury as part of the Court's voir dire and/or preliminary instructions.

Due to the parties' failure to submit an agreed neutral statement of the case as required by this Court's scheduling order, Dkt. No. 14, the Court STRIKES Docket Number 43.

**D.    Sanctions**

"The judges of this district expect a high degree of professionalism from the lawyers practicing before them." *See* Introduction to the Local Civil Rules. The parties are expected to meet deadlines and comply with all applicable rules and procedures. Failure to meet this expectation is unacceptable. The Court notes that numerous examples of compliant pretrial submissions are available in the CM/ECF system. *See, e.g.*, *VHT, Inc. v. Zillow Group, Inc. et al.*, Case No. 2:15-cv-01096-JLR; *Kingston v. International Business Machines Corporation*, 2:19-cv-01488-MJP; *Chinn v. Whidbey Public Hospital District*, Case No. 2:20-cv-00995-TSZ.

The Court cautions counsel that violations of the LCRs and chambers procedures may result in sanctions and penalties, up to and including judgment entered against an offending party with respect to a specific issue or the entire case. *See* LCR 11(c); Chambers Procedures at 1; *see also, e.g.*, *Purpura v. Pizzurro*, No. 10-CV-1146-FB, 2011 WL 3511052, at *2 (E.D.N.Y. Aug. 10, 2011) (striking a party's portion of the joint pretrial order and precluding him from introducing unspecified witnesses and exhibits referenced therein); *Smith v. Bd. of Cnty. Comm'rs*, No. 1:09-CV-26 LH/DJS, 2011 WL 13282115, at *1 (D.N.M. Nov. 3, 2011) (granting defendants' request to substitute their own version of a proposed pretrial order after plaintiffs filed multiple noncompliant proposed pretrial orders).

Without adequate pretrial submissions from the parties, the Court cannot proceed to the pretrial conference or trial. A reset is in order. The Court accordingly STRIKES the parties' pretrial

filings, Dkt. Nos. 34–43, the pretrial conference, and the trial. The Court issues a new scheduling order below to provide the parties a second opportunity to submit adequate pretrial filings. There will not be a third.

## II.   CONCLUSION

The Court STRIKES Docket Numbers 34 to 43, the pretrial conference, and the trial, and ORDERS the following pretrial schedule:

| Event | Date |
| --- | --- |
| Deadline for parties to meet and cooperate in developing a single pretrial order under LCR 16(k) | 3/28/2022 |
| Deadline for parties to exchange proposed jury instructions, verdict forms, and special interrogatories (if necessary) under LCR 51 | 3/31/2022 |
| Agreed LCR 16.1 Pretrial Order due | 4/7/2022 |
| Trial briefs, proposed voir dire questions, proposed jury instructions, and deposition designations due | 4/14/2022 |

The Court will exclude exhibits that are not sufficiently described in the pretrial order. Any adequately described exhibit in the list that has incomplete authenticity, admissibility, and objections fields will be deemed admissible. The Court will also impose sanctions for deficient jury instructions and other violations of applicable rules and procedures. The pretrial conference and trial will be rescheduled when appropriate.

Dated this 24th day of March, 2022.

*Lauren King*

Lauren King
United States District Judge