UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AUSTIN COVINGTON, an individual, and WENDY BUCK, and individual,<br><br>Plaintiffs,<br>v.<br><br>GERMAN WISE DENTAL LLC dba LOWER COLUMBIA ORAL HEALTH, a Washington limited liability company, and SAM WISE, an individual,<br><br>Defendants. | CASE NO. C20-CV-06173-LK<br><br>ORDER GRANTING PLAINTIFFS' MOTION IN LIMINE |

This matter comes before the Court on Plaintiffs' Motion in Limine. Dkt. No. 30. For the reasons discussed below, the Court GRANTS the motion.

**INTRODUCTION**

Plaintiffs Austin Covington and Wendy Buck are ex-employees of Defendants German Wise Dental LLC and Dr. Sam Wise. Dkt. No. 1 at 3, 9. Plaintiffs allege that Dr. Wise engaged in harassing and discriminatory behavior in violation of Title VII of the Civil Rights Act and its state analogue, the Washington Law Against Discrimination. *Id.* at 14–21, 24–31; *see* 42 U.S.C. §

ORDER GRANTING PLAINTIFFS' MOTION IN LIMINE - 1

2000e-2; Wash Rev. Code § 49.60.180. They also bring claims for wrongful termination in violation of public policy, and Covington claims that Defendants unlawfully withheld his wages under Washington's Wage Rebate Act. Dkt. No. 1 at 21–23, 31–32; *see* Wash. Rev. Code § 49.52.050. As relevant here, Plaintiffs seek to exclude from the jury's consideration several nude photographs depicting Covington's transition from female to male. Dkt. No. 30 at 2. Although the context of the exchange remains unclear, at some point Covington sent these photographs to Dr. Wise in a text message conversation and included the following statement: "Delete don't show please." Dkt. No. 31 at 2. Plaintiffs argue that the photographs should be excluded because their probative value is outweighed by the risk of unfair prejudice.[1] Dkt. No. 30 at 2.

## DISCUSSION

As an initial matter, Defendants did not file a response to Plaintiffs' motion. When Plaintiffs filed the motion, Defense counsel apparently "neither approved nor disapproved" of it, and "indicated [that] Defendants' position would be forthcoming." Dkt. No. 31 at 2. The Court considers Defendants' failure to oppose the motion "as an admission that the motion has merit." LCR 7(b)(2).

The Court agrees that the nude photographs should be excluded. "To decide motions *in limine*, the Court is generally guided by Federal Rules of Evidence 401 and 403." *Houserman v. Comtech Telecomms. Corp.*, 519 F. Supp. 3d 863, 867 (W.D. Wash. 2021). Plaintiffs appear to concede relevancy. Without more context, however, the Court is unsure whether the nude photographs even meet this first hurdle, *i.e.*, whether they have "any tendency to make a fact more or less probable than it would be without the evidence," or that any such a fact "is of consequence

---

[1] Plaintiffs also contend that introduction of the nude photographs "would unnecessarily intrude on [Covington's] right to privacy." Dkt. No. 30 at 2–3. The Court need not address this secondary argument because it concludes that the photographs must be excluded under Federal Rule of Evidence 403.

ORDER GRANTING PLAINTIFFS' MOTION IN LIMINE - 2

in determining the action." Fed. R. Evid. 401. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008) ("Relevance and prejudice under Rules 401 and 403 are determined in the context of the facts and arguments in a particular case[.]"). Even assuming, however, that the photographs are relevant, their probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury. Fed. R. Evid. 403.

As Plaintiffs assert, the photographs "may evoke decision-making rooted in an emotional, rather than rational, judgment of [Covington] that is wholly unrelated to the claims and defenses in this matter[.]" Dkt. No. 30 at 2. Moreover, because the accompanying text messages and witness testimony would suffice to establish the fact that Covington sent nude photographs to Dr. Wise, the photographs themselves are unnecessary to prove any anticipated reason for their introduction. *See* Dkt. No. 30 at 3; *Old Chief v. United States*, 519 U.S. 172, 184–85 (1997) (the probative value of evidence may be calculated by comparing evidentiary alternatives). In short, photographs depicting Covington's transition are "minimally probative at best" and pose a "clear risk of unfair prejudice." *United States Sec. & Exch. Comm'n v. Jensen*, 835 F.3d 1100, 1116 (9th Cir. 2016).

## CONCLUSION

The Court accordingly GRANTS Plaintiffs' Motion in Limine. Defendants may not introduce into evidence or display to the jury the nude photographs that Covington sent to Dr. Wise depicting Covington's transition from female to male.

Dated this 29th day of March, 2022.

*Lauren King*
Lauren King
United States District Judge