UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AUSTIN COVINGTON, *et al.*,

Plaintiffs,

v.

GERMAN WISE DENTAL LLC, *et al.*,

Defendants.

CASE NO. 3:20-cv-06173-LK

ORDER REGARDING MOTION TO WITHDRAW AS COUNSEL

This matter is before the Court on the District Court's referral of the pending motion to withdraw as counsel. *See* Dkt. 58.

**BACKGROUND**

This workplace discrimination and retaliation action was initiated by plaintiffs on December 1, 2020. *See* Dkt. 1. On May 7, 2021, the District Court issued an order setting the discovery cutoff date on December 13, 2021 and the jury trial date on April 12, 2022. *See* Dkt. 14. On August 24, 2021, the District Court granted a stipulated motion for defendants' initial counsel to withdraw. *See* Dkt. 18. On October 4, 2021, Eric Helmy and NW Business Law LLC

1  ("Counsel") joined the case as counsel for defendants. *See* Dkt. 19. On December 30, 2021, more
2  than two weeks after the discovery deadline had passed, defendants moved to continue the
3  discovery and dispositive motion deadlines. *See* Dkt. 27. The District Court denied the motion on
4  January 26, 2022. *See* Dkt. 29.

5  On March 24, 2022, due to deficient pretrial submissions by the parties, the District Court
6  issued an order striking the parties' pretrial submissions, pretrial conference, and trial date. *See*
7  Dkt. 44. The District Court stated that the trial date will be rescheduled when appropriate. *See id.*
8  at 6. On April 15, 2022, Counsel filed the motion to withdraw as attorney presently before this
9  Court. *See* Dkt. 58. Counsel's clients and plaintiffs oppose Counsel's motion. *See* Dkts. 59, 65.

## DISCUSSION

11  Pursuant to Local Civil Rule ("LCR") 83.2(b)(1), an attorney must seek leave of court
12  before withdrawing, except in certain circumstances that do not apply in this case. The Court
13  "retains wide discretion in a civil case to grant or deny a motion to withdraw." *Putz v. Golden*,
14  No. 2:10-cv-00741-JLR, 2012 WL 13019202, at *3 (W.D. Wash. Aug. 3, 2012). In making that
15  decision, the Court considers several factors when evaluating a motion to withdraw, such as: "(1)
16  the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants;
17  (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which
18  withdrawal will delay the resolution of the case." *Russell v. Samec*, 2:20-cv-00263-RSM-JRC,
19  2021 WL 3130053, *1 (W.D. Wash. July 23, 2021) (internal citations omitted).

20  Here, although Counsel claims that a non-waivable conflict of interest has arisen between
21  Counsel and defendants, Counsel does not provide enough details to allow this Court to properly
22  evaluate the motion to withdraw. *See* Dkt. 58 at 2. Counsel claims the conflict arose on April 8,
23  2022 and cites to Washington Rule of Professional Conduct ("RPC") 1.16(b), which states that a

lawyer shall not represent a client if "the representation will result in a violation of the Rules of Professional Conduct or other law." *See also* LCR 83.3(a)(2). Counsel states that because of his "obligation to protect attorney-client confidentiality, Counsel cannot specify which sub-section applies." Dkt. 58 at 3. Counsel also submits a declaration by Anne Seidel, who claims that she is privy to the reason for withdrawal, and it is her opinion that continued representation by Counsel would violate the RPC. Dkt. 58-2 at 1–2.

Even if there is a conflict, an attorney may still represent a client when ordered by a tribunal. *See* RPC 1.16(c) ("When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation."). The Court cannot determine whether that is appropriate in this case without knowing what the conflict is based on. According to Washington State Bar Association Advisory Opinion 201701, a lawyer can state that he cannot provide a further explanation on the record, but he will do so under seal if ordered by the Court. *See* Dkt. 58-3, Washington State Bar Association, Advisory Opinion 201701 (2017). Counsel states that he "will be happy to provide such information to the Court *in camera* . . . ." Dkt. 69 at 1. Accordingly, the Court orders Counsel to submit a declaration explaining the conflict. The declaration shall be filed under seal by May 23, 2022. *See* LCR 5(g)(2)(A).

Dated this 13th day of May, 2022.

J. Richard Creatura
Chief United States Magistrate Judge

ORDER REGARDING MOTION TO WITHDRAW AS
COUNSEL - 3