1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON
9                                 AT TACOMA

10   AUSTIN COVINGTON, *et al.*,

11                  Plaintiffs,              CASE NO. 3:20-cv-06173-LK

12        v.                                 ORDER GRANTING MOTION TO
                                             WITHDRAW
13   GERMAN WISE DENTAL LLC, *et al.*,

14                  Defendants.

15

16        This matter is before the Court on the District Court's referral of the pending motion to

17   withdraw as counsel with a request for oral argument. Dkt. 58. The Court denies the request for

18   oral argument, which is not necessary to resolve the issues presented in the motion.

19        As the parties prepared for trial in this workplace discrimination and retaliation action,

20   attorney Eric Helmy and NW Business Law LLC ("Counsel") filed a motion to withdraw as

21   counsel for defendants based on an alleged conflict that occurred on April 8, 2022. Plaintiffs and

22   defendants oppose Counsel's motion primarily because of the delay the withdrawal will cause.

23   Nevertheless, after reviewing Counsel's reason for seeking withdrawal, which he filed under seal

24

at the Court's direction, the Court deems it appropriate to permit Counsel to withdraw. Further, the case has already been delayed due to the actions of both parties in preparing for trial and the District Court stated it will set a new trial date when appropriate. Thus, any delay Counsel's withdrawal will cause is minimized due to those circumstances. Accordingly, the Court grants Counsel's motion to withdraw as counsel for defendants.

## BACKGROUND

This workplace discrimination and retaliation action was initiated by plaintiffs on December 1, 2020. *See* Dkt. 1. On May 7, 2021, the District Court issued an order setting the discovery cut off date on December 13, 2021 and the jury trial date on April 12, 2022. *See* Dkt. 14. On August 24, 2021, the District Court granted a stipulated motion for defendants' initial counsel to withdraw. *See* Dkt. 18. On October 4, 2021, Eric Helmy and NW Business Law LLC ("Counsel") joined the case as counsel for defendants. *See* Dkt. 19. On December 30, 2021, more than two weeks after the discovery deadline had passed, defendants moved to continue the discovery and dispositive motion deadlines. *See* Dkt. 27. The District Court denied the motion on January 26, 2022. *See* Dkt. 29.

On March 24, 2022, due to deficient pretrial submissions by the parties, the District Court issued an order striking the parties' pretrial submissions, pretrial conference, and trial date. *See* Dkt. 44. The District Court stated that the trial date would be rescheduled when appropriate. *See id.* at 6. To date, the District Court has not set a new trial date. On April 15, 2022, Counsel filed the motion to withdraw as attorney presently before this Court. *See* Dkt. 58. Counsel's clients and plaintiffs oppose Counsel's motion. *See* Dkts. 59, 65. On May 13, 2022, this Court ordered Counsel to file, under seal, a declaration explaining the conflict, which Counsel filed on May 23, 2022. *See* Dkts. 72, 74.

1

**DISCUSSION**

2

**I.      Preliminary Issues**

3       Defendants filed a surreply and a declaration in response to Counsel's declaration filed

4    under seal. *See* Dkts. 70, 71, 75. Regarding the former, pursuant to Local Civil Rule ("LCR")

5    7(g)(2), surreplies are limited to requests to strike material contained in or attached to a reply

6    brief. "Extraneous argument or a surreply filed for any other reason will not be considered." *Id.*

7    Defendants' surreply does not contain requests to strike material in Counsel's reply brief and

8    defendants did not seek leave to file a surreply for any other reason. The same is true for

9    defendants' declaration filed on May 24, 2022. The Court did not ask defendants for a response

10   when it ordered Counsel to file the declaration under seal. Accordingly, the Court does not

11   consider those filings and directs the Court Clerk to strike them from the docket.

12

**II.     Motion to Withdraw**

13       Pursuant to Local Civil Rule 83.2(b)(1), an attorney must seek leave of court before

14   withdrawing, except in certain circumstances that do not apply in this case. The Court "retains

15   wide discretion in a civil case to grant or deny a motion to withdraw." *Putz v. Golden*, No. 2:10-

16   cv-00741-JLR, 2012 WL 13019202, at *3 (W.D. Wash. Aug. 3, 2012). In making that decision,

17   the Court considers several factors when evaluating a motion to withdraw, such as: "(1) the

18   reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3)

19   the harm withdrawal might cause to the administration of justice; and (4) the degree to which

20   withdrawal will delay the resolution of the case." *Russell v. Samec*, 2:20-cv-00263-RSM-JRC,

21   2021 WL 3130053, *1 (W.D. Wash. July 23, 2021) (internal citations omitted).

22       Here, Counsel's motion to withdraw complies with the requirements of Local Civil Rule

23   83.2. Counsel included a certification that that the motion was served on defendants and

24

1   opposing counsel and included defendants' address and telephone number. *See* Dkt. 58 at 1.

2   Further, Counsel has filed a declaration stating that he has informed defendants that a business

3   entity is required by law to be represented by an attorney and that failure to obtain a replacement

4   attorney may result in an entry of default against the business entity. *See* Dkt. 58-1 at 2.

5   Defendants argue that the motion is untimely because it was not filed more than sixty days

6   before the discovery cut off date. *See* Dkt. 65 at 2. Defendants cite to Local Civil Rule

7   83.2(b)(1), which states that "an attorney will ordinarily be permitted to withdraw until sixty

8   days before the discovery cut off date in a civil case . . . ." *Id.* However, the rule does not state

9   that an attorney is prohibited from seeking withdrawal after that date—only that an attorney will

10   ordinarily be permitted to do so if filed before. *See, e.g.*, *Washington v. Starbucks Corp.*, C08-

11   1144-JCC, 2009 WL 10675531, at *1 (W.D. Wash. May 18, 2009) (allowing attorney to

12   withdraw with less than sixty days remaining before the discovery cut off date). Therefore, the

13   Court will address the merits of Counsel's motion.

14        Regarding the reason for withdrawal, Counsel claims the conflict arose on April 8, 2022

15   and cites to Washington Rule of Professional Conduct ("RPC") 1.16(b), which states that a

16   lawyer shall not represent a client if "the representation will result in a violation of the Rules of

17   Professional Conduct or other law." *See also* LCR 83.3(a)(2) (requiring attorneys in this district

18   to comply with the RPC). Counsel states that because of his "obligation to protect attorney-client

19   confidentiality, Counsel cannot specify which sub-section [of the RPC] applies." Dkt. 58 at 3.

20   Counsel also submits a declaration by Anne Seidel, who states that, in her opinion, continued

21   representation by Counsel would violate the RPC. Dkt. 58-2 at 1–2. The Court asked Counsel to

22   submit, under seal, a declaration detailing the nature of the conflict for the Court's review. *See*

23

24

Dkt. 72. After reviewing Counsel's declaration (Dkt. 74 (under seal)), the Court agrees that good cause exists to allow Counsel to withdraw.

For the remaining factors, the parties mainly focus on the delay Counsel's withdrawal will have on the proceedings. For example, plaintiffs argue that the risk of prejudice to them is "extremely high" due to the delay that will result if Counsel withdraws. Dkt. 59 at 3–4. Plaintiffs' argument regarding the harm to the administration of justice is also based on the delay the withdrawal will cause. *See id.* at 4. Defendants similarly argue that withdrawal will prejudice them by imposing a "significant delay." Dkt. 65 at 6.

The Court is not persuaded that Counsel's withdrawal should be denied based on the resulting delay. Notably, this matter has already been delayed due to the actions of all parties involved. *See* Dkt. 44 (order striking pretrial submissions, pretrial conference, and trial date due to the parties' deficient filings). As a result, there is no trial date and the District Court stated that it will set a trial date "when appropriate." *Id.* at 6. Thus, a delay in the proceedings unrelated to Counsel's motion to withdraw is already in effect and it is unclear how much longer Counsel's withdrawal will delay trial.

Besides delay, defendants argue that they will be prejudiced by Counsel's withdrawal because they will be without counsel on the "eve of trial." Dkt. 65 at 2. Specifically, defendants claim that they cannot procure replacement counsel because Counsel refuses to provide defendants with their files and because of "the current state of [Counsel]'s trial preparation." *Id.* The Court acknowledges the difficulty a withdrawal will present to defendants. This is especially true for German Wise Dental, LLC, who cannot proceed *pro se*. *See* LCR 83.2(b)(4) ("A business entity . . . must be represented by counsel."). However, Courts have nonetheless allowed withdrawal in such situations. *See, e.g.*, *Anhing Corp. v. Thuan Phong Co. Ltd.*, No. CV

13–05167 BRO (MANx), 2014 WL 12591456, at *2 (C.D. Cal. Dec. 2, 2014) (allowing withdrawal two weeks before trial where counsel "demonstrated [an] inability to litigate [the] matter competently due to his client's refusal to cooperate with him"); *Canandaigua Wine Co., Inc. v. Edwin Moldauer*, No. 1:-2-cv-06599 OWW DLB, 2009 WL 89141, at *2 (E.D. Cal. Jan. 14, 2009) (granting motion to withdraw less than one month before trial where defendant's counsel declared "that his client has repeatedly refused to accept his advice as to trial strategy or pay his fees"); *Fujifilm Sonosite, Inc.*, 2014 WL 1400992, at *1 (permitting counsel to withdraw despite business entity defendant's risk of being defaulted if it could not procure replacement counsel).

        As to the client files, in his reply, Counsel states that defendants now have the files they requested. *See* Dkt. 69 at 3. Regarding the current state of trial preparation, the Court does not find it is a sufficient reason to deny Counsel's withdrawal. Although the Court notes that the District Court issued an order striking both parties' previous pretrial submissions, *see* Dkt. 44, Counsel has submitted a new trial brief and jointly filed other pretrial documents in response. *See* Dkts. 50–52, 54–56. Whether those documents are adequate is for the District Court to determine. However, besides the trial brief, any deficiency with the joint filings would also be attributable to plaintiffs due to their joint nature.

        Defendants also argue that Counsel has not performed the services he promised under the flat fee agreement and that he should not be permitted to withdraw after failing to adequately prepare the case for trial. *See* Dkt. 65 at 2. Defendants cite to *Janicki v. Logging & Const. Co., Inc. v. Scwabe, Williamson & Wyatt, P.C.*, 109 Wash. App. 655 (2001) for support. *See* Dkt. 65 at 5–6. However, *Janicki* concerned the tolling of the statute of limitations regarding a malpractice claim and is of no avail here. *See id.* at 662. The Court recognizes that it has the

authority to order Counsel to continue representation pursuant to RPC 1.16(c), but the Court is not convinced that it should do so in this context. As Counsel himself recognizes, defendants have other avenues of recourse for their grievances. *See* Dkt. 69 at 6.

## CONCLUSION

Accordingly, the Court grants Counsel's motion to withdraw. Dkt. 58. Defendant Sam Wise shall proceed *pro se* unless he procures replacement counsel. Defendant German Wise Dental LLC shall have until June 27, 2022 to procure a replacement counsel or show cause why an entry of default should not be entered against it.

The Court Clerk is also directed to strike defendants' notice of surreply and surreply as well as defendants' declaration in response to Counsel's declaration under seal. Dkts. 70, 71, 75.

Dated this 27th day of May, 2022.

J. Richard Creatura
Chief United States Magistrate Judge