1

2

3

4

5

6

7

Hon. Lauren King

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

12

13

14

15

16

17

18

AUSTIN COVINGTON, an individual and
WENDY BUCK, an individual,

                Plaintiffs,

   vs.

GERMAN WISE DENTAL LLC dba
LOWER COLUMBIA ORAL HEALTH, a
Washington limited liability company and
SAM WISE, an individual,

                Defendants.

Case No. 3:20-CV-06173-LK

STATUS CONFERENCE AGENDA

19

20

21

22

23

24

25

26

The Court has drafted the following agenda for the status conference tomorrow.

1.  Jury Trial

    a.  Overview (Adapted from this District's Pro Se Guide,
        https://www.wawd.uscourts.gov/sites/wawd/files/ProSeGuidetoFilingYour
        LawsuitinFederalCourt.pdf)

        **Bench trial versus jury trial**

        The United States court system has two types of trials: bench trials and jury
        trials.

1

<u>Bench trial</u>

2

A bench trial takes place in front of a judge. The judge – after listening to the evidence and legal arguments – will enter a final decision at the end of the case (called a "finding").

3

4

<u>Jury trial</u>

5

A jury trial takes place before a group of citizens who have been sworn to consider the evidence presented at trial and decide whether the case has merit and, if so, what damages should be awarded.

6

7

**General trial process (simplified overview; other law and rules apply, e.g., motions during trial):**

8

9

10



11

12

13

14

15

16

**Jury trial process (simplified overview; other law and rules apply, e.g., motions during and after trial)**

17

18

<u>Voir Dire: judge and parties</u>

19

Part of the jury selection process in which potential jurors are asked questions designed to reveal biases that would interfere with fair and impartial jury service; the judge will ask questions (usually from the judge's standard voir dire and also from a list the parties have submitted before trial) and will also allow each side to ask additional questions. A side does not have to ask additional questions after the judge asks her questions; it is optional.

20

21

22

23

<u>Challenges for Cause: parties</u>

24

The plaintiff or defendant may also challenge a prospective juror "for cause" when the prospective juror lacks a qualification required by law, is not impartial, is related to either of the parties, or will not accept the

25

26

law as given to him or her by the Court. Parties are not obligated to make challenges for cause.

Peremptory Challenges: parties

Each party will be given a number of peremptory challenges which enable the party to reject (in most cases) prospective jurors without cause. This decision is based on subjective considerations of the party when he or she feels a prospective juror would be detrimental to his or her case. Parties are not obligated to make peremptory challenges.

Jury Instructions: judge

Opening statement: parties

An "opening statement" is an opportunity for each side to explain the issues in dispute and summarize what it believes will be proven during trial through witness testimony and evidence admitted by the court. The plaintiff goes first, and then the defendant presents its opening statement. The defendant is not required to make an opening statement at all or at the beginning of the trial; the defendant may choose to give his opening statement at the beginning of his case in chief after the plaintiff rests.

Evidence presentation: parties

Following opening statements, the plaintiff will begin presenting evidence to the jury. Evidence can be presented through witness testimony and physical evidence. The defendant can cross-examine witnesses. Strict rules govern the kinds of evidence that may be admitted and is governed by the Federal Rules of Civil Procedure (FRCP), the Federal Rules of Evidence (FRE), and this court's Local Civil Rules (LCR).

Resting plaintiff's case: plaintiff

When the plaintiff has finished presenting all the evidence that he intends to offer at trial, he will indicate to the judge that he has "rested" his case.

Evidence presentation: parties

After the plaintiff has rested his case, the defendant will have an opportunity to call witnesses and offer evidence to the jury. Again, evidence can be presented through witness testimony and physical evidence. The plaintiff can cross-examine witnesses. Strict rules govern the kinds of evidence that may be admitted and is governed by the Federal Rules of Civil Procedure (FRCP), the Federal Rules of Evidence (FRE), and this court's Local Civil Rules (LCR).

Resting defendant's case: defendant

When the defendant has finished presenting all the evidence that he intends to offer at trial, he will indicate to the judge that he has "rested" his case.

<u>Rebuttal from plaintiff</u>

The plaintiff may then offer evidence in rebuttal to explain or deny the defendant's evidence. Again, evidence can be presented through witness testimony and physical evidence. The defendant can cross-examine witnesses. Strict rules govern the kinds of evidence that may be admitted and is governed by the Federal Rules of Civil Procedure (FRCP), the Federal Rules of Evidence (FRE), and this court's Local Civil Rules (LCR).

<u>Jury instructions: judge</u>

At the end of the presentation of evidence, the judge will read the jury a set of legal standards, called "jury instructions." These instructions are given to assist the jury in deciding whether the defendant should be held accountable for the plaintiffs' alleged harm.

<u>Closing argument: parties</u>

The next step is the presentation of "closing argument." Closing argument is an opportunity for each party to summarize the evidence presented during the trial before the jury enters a final decision.

<u>Verdict: jury</u>

Once a decision has been reached by the jury, the verdict will be announced in open court with all parties present.

    b.  Pretrial deadlines from the Court's November 10, 2022 order (additional deadlines may apply under the FRCP and/or LCR):

        i.  January 31, 2023: Proposed jury instructions (joint task)

            1.  Section 6(a) of Judge King's Chambers Procedures: https://www.wawd.uscourts.gov/sites/wawd/files/KingStanding OrderReCivilCases.pdf.

            2.  Local Civil Rule 51: https://www.wawd.uscourts.gov/sites/wawd/files/WAWD%20 All%20Local%20Civil%20Rules%20Clean%202022.pdf#%5B %7B%22num%22%3A192%2C%22gen%22%3A0%7D%2C% 7B%22name%22%3A%22XYZ%22%7D%2C70%2C720%2C 0%5D

        3.  Dkt. No. 54: Parties' previous joint proposed jury instructions (wage claim instruction was a joint instruction)

        4.  *See* Local Civil Rule 51(e) for deadlines for the parties to exchange their pretrial statements BEFORE the revised LCR 16.1 Pretrial Order is due.

  ii.  January 31, 2023: Agreed **revised** LCR 16.1 Pretrial Order due, including exhibit list with completed authenticity, admissibility, and objections fields (joint task)

        1.  Local Civil Rule 16.1: https://www.wawd.uscourts.gov/sites/wawd/files/WAWD%20All%20Local%20Civil%20Rules%20Clean%202022.pdf#%5B%7B%22num%22%3A94%2C%22gen%22%3A0%7D%2C%7B%22name%22%3A%22XYZ%22%7D%2C70%2C694%2C0%5D

        2.  *See* Local Civil Rule 16(h) and (i) for deadlines for the parties to exchange their pretrial statements BEFORE the revised LCR 16.1 Pretrial Order is due.

  iii.  February 7, 2023: Trial briefs

  iv.  February 7, 2023: Proposed voir dire questions and proposed verdict form (joint task)

        1.  Section 6(b) and 6(c) of Judge King's Chambers Procedures: https://www.wawd.uscourts.gov/sites/wawd/files/KingStandingOrderReCivilCases.pdf.

        2.  Dkt. No. 51: Parties' previous joint proposed voir dire

        3.  Dkt. No. 52: Parties' previous joint proposed verdict form

  v.  February 7, 2023: deposition designations

        1.  Section 6(d) of Judge King's Chambers Procedures: https://www.wawd.uscourts.gov/sites/wawd/files/KingStandingOrderReCivilCases.pdf.

        2.  Local Civil Rule 32: https://www.wawd.uscourts.gov/sites/wawd/files/WAWD%20All%20Local%20Civil%20Rules%20Clean%202022.pdf#%5B%7B%22num%22%3A132%2C%22gen%22%3A0%7D%2C%7B%22name%22%3A%22XYZ%22%7D%2C70%2C720%2C0%5D

  vi.  February 10, 2023: Pretrial conference (see attached sample)

1.  Judge King's bench trial pretrial conference checklist:
    https://www.wawd.uscourts.gov/sites/wawd/files/KingPretrialC
    onferenceChecklistCivilBench.docx

2.  Judge King's jury trial pretrial conference checklist:
    https://www.wawd.uscourts.gov/sites/wawd/files/KingPretrialC
    onferenceChecklistCivilJury.docx

    vii.  The week before trial: exhibits, exhibit list, witness list indicating the order your witnesses will testify

  c.  Trial: February 21, 2023

2.  Alternatives to jury trial

  a.  Dispositive motions

  b.  Bench trial vs. jury trial

| **Bench trial** | | **Jury trial** | |
|---|---|---|---|
| | | 1/31/23 | Proposed jury instructions |
| 1/31/23 | Agreed LCR 16.1 Pretrial Order | 1/31/23 | Agreed LCR 16.1 Pretrial Order |
| 2/7/23 | Trial briefs | 2/7/23 | Trial briefs |
| 2/7/23 | Preliminary proposed findings of fact and conclusions of law | 2/7/23 | Proposed voir dire questions and verdict form |
| 2/7/23 | Deposition designations | 2/7/23 | Deposition designations |
| Week prior | Exhibits, exhibit list, witness list | Week prior | Exhibits, exhibit list, witness list |
| 2/21/23 | Bench trial<br>• Opening statements<br>• Plaintiff's case in chief<br>• Defendant's case in chief<br>• Closing arguments<br>• Post-trial briefs and revised proposed findings of fact and conclusions of law<br>• Judge decides via written order | 2/21/23 | Jury trial<br>• Voir dire<br>• Peremptory challenges<br>• Jury instructions<br>• Opening statements<br>• Plaintiff's case in chief<br>• Defendant's case in chief<br>• Jury instructions<br>• Closing arguments<br>• Jury deliberations and verdict |

STATUS CONFERENCE AGENDA - 6

3.  Need for interpreter?

4.  Motions in Limine

5.  Questions?

DATED this 30th day of November 2022.

_Lauren King_
Lauren King
United States District Judge

STATUS CONFERENCE AGENDA - 7