Hon. Lauren King

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AUSTIN COVINGTON, an individual and WENDY BUCK, an individual,

Plaintiffs,

vs.

GERMAN WISE DENTAL LLC dba LOWER COLUMBIA ORAL HEALTH, a Washington limited liability company and SAM WISE, an individual,

Defendants.

Case No. 3:20-CV-06173-LK

AMENDED STATUS CONFERENCE AGENDA

The Court discussed the following at the December 15, 2022 status conference.

1. Interpreter: Defendant must bear the cost of an interpreter if he would like one. *See* Fed. R. Civ. P. 43.

2. Covington's claim for willful withholding of wages (Dkt. No. 1 at 21–22):

    a. The law

    The Wage Rebate Act provides, in relevant part, that an employer who, "[w]illfully and with intent to deprive the employee of any part of his or her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract . . . [s]hall be guilty of a misdemeanor." Wash. Rev. Code § 49.52.050. The

STATUS CONFERENCE AGENDA - 1

Wage Rebate Act further provides that an employer who violates any of the provisions of the provisions of Section 49.52.050(1) and (2) "shall be liable in a civil action by the aggrieved employee . . . for twice the amount of the wages unlawfully rebated or withheld by way of exemplary damages, together with the costs of suit and a reasonable sum for attorney's fees." Wash. Rev. Code § 49.52.070.

  b. Covington's complaint, Dkt. No. 1 at 22: (excerpt)

> "84. By failing to pay Plaintiff Covington wages on November 18, 2019 for ten hours of his time worked at his rate of $25 per hour and by failing to pay Plaintiff Covington additional wages of $4,500 he was owed collectively for the months of September, October, and November 2019, as alleged above, in violation of statute and in tort, Defendants willfully and with intent deprived Plaintiff Covington of wages pursuant to RCW 49.52.050, and Plaintiff Covington is therefore entitled to exemplary double damages on all back wages. *Allstot v. Edwards*, 114 Wn. App. 625, 633-35 (2002).
>
> 85. At all material times, Plaintiff Covington did not knowingly submit to Defendants' withholding of his wages, as alleged above.
>
> 86. As a result of the unlawful acts of Defendant[] . . . Wise, Plaintiff Covington has been deprived of compensation in amount of $4,750 or other amount to be proven at trial, and pursuant to RCW 49.52.070 are entitled to recovery of twice such amounts, including interest thereon, and attorneys' fees and costs."

  c. Trial briefs (excerpts)

> **Plaintiffs' trial brief, Dkt. No. 53 at 9, 17:** "Despite his promise to pay Plaintiff Covington a $1,500.00 monthly bonus after the initial 30-day waiting period, Defendant Wise refused to do so. Following Plaintiff Covington's termination on November 18, 2020, Defendant Wise wrongfully withheld Plaintiff Covington's final paycheck for his work performed on that day, totaling approximately 10 hours of work. . . .
>
> As to Plaintiff Covington's wage claim, Plaintiff complained multiple times prior to his termination that Defendants were not paying him according to the agreed-upon compensation scheme upon hire. This issue was not remedied prior to Plaintiff Covington's termination, and it has not been remedied to date. Nor has Plaintiff Covington been paid his final and earned wages for time worked, despite iterating to Defendant Wise that such wages are due and owing.

Defendant Wise's refusal to pay such wages will be perceived as willful and intentional withholding by Defendants, in violation of RCWs 49.52.050 and .070."

**Defendants' trial brief, Dkt. No. 56 at 2**: "On or about 8/5/2019, Austin Covington began working for LCOH at $4,000.00 per month. Although Mr. Covington alleges entitlement to an additional monthly bonus of $1,500.00 per month after 30 days, Dr. Wise will testify that bonuses were merely a future possibility if the business reached its targets."

d. **Joint proposed jury instructions, Dkt. No. 54 at 65:**

Special Instruction - Wage Claim

(1) The Revised Code of Washington provides that an employer shall be guilty of a misdemeanor for wilfully and intentionally depriving an employee of any part of his or her wages, or to pay an employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract.

(2) An employer who violates (1), is also liable in a civil action by the aggrieved employee to a judgment for twice the amount of the wages unlawfully withheld by way of exemplary damages, together with costs of suit and a reasonable sum for attorney's fees.

e. **Joint proposed verdict form, Dkt. No. 52 at 5:**

FOURTH CLAIM FOR RELIEF- Withholding of Wages (RCW 49.52.050)

10. Has Plaintiff Covington proved by a preponderance of the evidence that Defendants LCOH and Wise withheld and deprived any part of Plaintiff Covington's wages that were due and owing as part of his employment?

_____     _____
Yes                                  No

If you answered "Yes" to this question, please proceed to Question No. 11. If you answered "No" to this question, then your verdict on the fourth claim for relief should be for the Defendants; please proceed to Section V of this Verdict Form.

11. What economic damages or wages do you award against Defendants LCOH and Wise? (Multiply your answer by 2) $_____

    **f.** **Pretrial Order "Admitted Facts" section, Dkt. No. 62 at 2:**

1. Defendant German Wise Dental LLC dba Lower Columbia Oral Health ("LCOH") is a Washington limited liability company.

2. LCOH had its principal place of business in Longview, Washington, and at all material times was doing business in Cowlitz County, Washington.

3. At all material times, Defendant LCOH employed at least 15 individuals within the state of Washington.

4. On or about April 16, 2019, Defendant Wise and German Dental, LLC, entered into an agreement to purchase the assets of Dr. Daniel Haghighi's dental practice, Lower Columbia Oral Health.

5. Plaintiff Austin Covington was hired by Defendant Sam Wise at LCOH on August 5, 2019.

6. Plaintiff Austin Covington worked as the Clinic Manager at LCOH.

7. Plaintiff Austin Covington and Defendants agreed to a salary for Covington of $4,000 a month and a monthly bonus of $1,500 after a 30-day waiting period.

8. Plaintiff Austin Covington's final day of employment was November 18, 2019.

9. Plaintiff Wendy Buck was hired at LCOH on September 19, 2019. 10. Plaintiff Wendy Buck worked at the front desk.

11. Plaintiff Wendy Buck's job duties included greeting patients, answering phones, handling scheduling matters, and performing payroll.

12. Plaintiff Wendy Buck resigned from employment at LCOH on January 6, 2020.

    **g.** **Court's summary: Covington claims that Wise failed to pay him a $1,500 monthly bonus in each of September, October, and November 2019, and failed to pay him for 10 hours worked on November 18, 2019. The total wages claimed are $4,500. Wise contends that the $1,500 bonuses were contingent on business performance, and has denied the claim that he failed to pay Covington for hours worked on November 18, 2019.**

STATUS CONFERENCE AGENDA - 4

3. Bench Trial vs. Jury Trial: review again

    a. Overview (Adapted from this District's Pro Se Guide, https://www.wawd.uscourts.gov/sites/wawd/files/ProSeGuidetoFilingYourLawsuitinFederalCourt.pdf)

    **Bench trial versus jury trial**

    The United States court system has two types of trials: bench trials and jury trials.

    Bench trial

    A bench trial takes place in front of a judge. The judge – after listening to the evidence and legal arguments – will enter a final decision at the end of the case (called a "finding").

    Jury trial

    A jury trial takes place before a group of citizens who have been sworn to consider the evidence presented at trial and decide whether the case has merit and, if so, what damages should be awarded.

    **General trial process (simplified overview; other law and rules apply, e.g., motions during trial):**

    

    **Jury trial process (simplified overview; other law and rules apply, e.g., motions during and after trial)**

    Voir Dire: judge and parties

    Part of the jury selection process in which potential jurors are asked questions designed to reveal biases that would interfere with fair and impartial jury service; the judge will ask questions (usually from the

judge's standard voir dire and also from a list the parties have submitted before trial) and will also allow each side to ask additional questions. A side does not have to ask additional questions after the judge asks her questions; it is optional.

Challenges for Cause: parties

The plaintiff or defendant may also challenge a prospective juror "for cause" when the prospective juror lacks a qualification required by law, is not impartial, is related to either of the parties, or will not accept the law as given to him or her by the Court. Parties are not obligated to make challenges for cause.

Peremptory Challenges: parties

Each party will be given a number of peremptory challenges which enable the party to reject (in most cases) prospective jurors without cause. This decision is based on subjective considerations of the party when he or she feels a prospective juror would be detrimental to his or her case. Parties are not obligated to make peremptory challenges.

Jury Instructions: judge

Opening statement: parties

An "opening statement" is an opportunity for each side to explain the issues in dispute and summarize what it believes will be proven during trial through witness testimony and evidence admitted by the court. The plaintiff goes first, and then the defendant presents its opening statement. The defendant is not required to make an opening statement at all or at the beginning of the trial; the defendant may choose to give his opening statement at the beginning of his case in chief after the plaintiff rests.

Evidence presentation: parties

Following opening statements, the plaintiff will begin presenting evidence to the jury. Evidence can be presented through witness testimony and physical evidence. The defendant can cross-examine witnesses. Strict rules govern the kinds of evidence that may be admitted and is governed by the Federal Rules of Civil Procedure (FRCP), the Federal Rules of Evidence (FRE), and this court's Local Civil Rules (LCR).

Resting plaintiff's case: plaintiff

When the plaintiff has finished presenting all the evidence that he intends to offer at trial, he will indicate to the judge that he has "rested" his case.

Evidence presentation: parties

After the plaintiff has rested his case, the defendant will have an opportunity to call witnesses and offer evidence to the jury. Again, evidence can be presented through witness testimony and physical evidence. The plaintiff can cross-examine witnesses. Strict rules govern the kinds of evidence that may be admitted and is governed by the Federal Rules of Civil Procedure (FRCP), the Federal Rules of Evidence (FRE), and this court's Local Civil Rules (LCR).

Resting defendant's case: defendant

When the defendant has finished presenting all the evidence that he intends to offer at trial, he will indicate to the judge that he has "rested" his case.

Rebuttal from plaintiff

The plaintiff may then offer evidence in rebuttal to explain or deny the defendant's evidence. Again, evidence can be presented through witness testimony and physical evidence. The defendant can cross-examine witnesses. Strict rules govern the kinds of evidence that may be admitted and is governed by the Federal Rules of Civil Procedure (FRCP), the Federal Rules of Evidence (FRE), and this court's Local Civil Rules (LCR).

Jury instructions: judge

At the end of the presentation of evidence, the judge will read the jury a set of legal standards, called "jury instructions." These instructions are given to assist the jury in deciding whether the defendant should be held accountable for the plaintiffs' alleged harm.

Closing argument: parties

The next step is the presentation of "closing argument." Closing argument is an opportunity for each party to summarize the evidence presented during the trial before the jury enters a final decision.

Verdict: jury

Once a decision has been reached by the jury, the verdict will be announced in open court with all parties present.

b. Pretrial deadlines from the Court's November 10, 2022 order (additional deadlines may apply under the FRCP and/or LCR):

   i. January 31, 2023: Proposed jury instructions (joint task)

1. Section 6(a) of Judge King's Chambers Procedures: https://www.wawd.uscourts.gov/sites/wawd/files/KingStandingOrderReCivilCases.pdf.

2. Local Civil Rule 51: https://www.wawd.uscourts.gov/sites/wawd/files/WAWD%20All%20Local%20Civil%20Rules%20Clean%202022.pdf#%5B%7B%22num%22%3A192%2C%22gen%22%3A0%7D%2C%7B%22name%22%3A%22XYZ%22%7D%2C70%2C720%2C0%5D

3. Dkt. No. 54: Parties' previous joint proposed jury instructions (wage claim instruction was a joint instruction)

4. *See* Local Civil Rule 51(e) for deadlines for the parties to exchange their pretrial statements BEFORE the revised LCR 16.1 Pretrial Order is due.

ii. January 31, 2023: Agreed **revised** LCR 16.1 Pretrial Order due, including exhibit list with completed authenticity, admissibility, and objections fields (joint task)

1. Local Civil Rule 16.1: https://www.wawd.uscourts.gov/sites/wawd/files/WAWD%20All%20Local%20Civil%20Rules%20Clean%202022.pdf#%5B%7B%22num%22%3A94%2C%22gen%22%3A0%7D%2C%7B%22name%22%3A%22XYZ%22%7D%2C70%2C694%2C0%5D

2. *See* Local Civil Rule 16(h) and (i) for deadlines for the parties to exchange their pretrial statements BEFORE the revised LCR 16.1 Pretrial Order is due.

iii. February 7, 2023: Trial briefs

iv. February 7, 2023: Proposed voir dire questions and proposed verdict form (joint task)

1. Section 6(b) and 6(c) of Judge King's Chambers Procedures: https://www.wawd.uscourts.gov/sites/wawd/files/KingStandingOrderReCivilCases.pdf.

2. Dkt. No. 51: Parties' previous joint proposed voir dire

3. Dkt. No. 52: Parties' previous joint proposed verdict form

v. February 7, 2023: deposition designations

STATUS CONFERENCE AGENDA - 8

1. Section 6(d) of Judge King's Chambers Procedures: https://www.wawd.uscourts.gov/sites/wawd/files/KingStandingOrderReCivilCases.pdf.

2. Local Civil Rule 32: https://www.wawd.uscourts.gov/sites/wawd/files/WAWD%20All%20Local%20Civil%20Rules%20Clean%202022.pdf#%5B%7B%22num%22%3A132%2C%22gen%22%3A0%7D%2C%7B%22name%22%3A%22XYZ%22%7D%2C70%2C720%2C0%5D

vi. February 10, 2023: Pretrial conference

1. Judge King's bench trial pretrial conference checklist: https://www.wawd.uscourts.gov/sites/wawd/files/KingPretrialConferenceChecklistCivilBench.docx

2. Judge King's jury trial pretrial conference checklist: https://www.wawd.uscourts.gov/sites/wawd/files/KingPretrialConferenceChecklistCivilJury.docx

vii. The week before trial: exhibits, exhibit list, witness list indicating the order your witnesses will testify

c. Trial: February 21, 2023

4. Alternatives to jury trial

a. Dispositive motions

b. Bench trial vs. jury trial

| **Bench trial** | | **Jury trial** | |
|---|---|---|---|
| | | 1/31/23 | Proposed jury instructions |
| 1/31/23 | Agreed LCR 16.1 Pretrial Order | 1/31/23 | Agreed LCR 16.1 Pretrial Order |
| 2/7/23 | Trial briefs | 2/7/23 | Trial briefs |
| 2/7/23 | Preliminary proposed findings of fact and conclusions of law | 2/7/23 | Proposed voir dire questions and verdict form |
| 2/7/23 | Deposition designations | 2/7/23 | Deposition designations |
| Week prior | Exhibits, exhibit list, witness list | Week prior | Exhibits, exhibit list, witness list |
| 2/21/23 | Bench trial<br>• Opening statements | 2/21/23 | Jury trial<br>• Voir dire |

STATUS CONFERENCE AGENDA - 9

|  | |  | |
|---|---|---|---|
| | • Plaintiff's case in chief<br>• Defendant's case in chief<br>• Closing arguments<br>• ==Post-trial briefs and revised proposed findings of fact and conclusions of law==<br>• Judge decides via written order | | • ==Peremptory challenges==<br>• ==Jury instructions==<br>• Opening statements<br>• Plaintiff's case in chief<br>• Defendant's case in chief<br>• ==Jury instructions==<br>• Closing arguments<br>• ==Jury deliberations and verdict== |

5. CM/ECF

   The Court reminds Dr. Wise that he is responsible for reading the notices he receives from the Court's electronic filing system (CM/ECF) and the linked filings in those emails, and for submitting filings through CM/ECF.

6. Questions?

   DATED this 16th day of December, 2022.

   *Lauren King*
   ——————————————
   Lauren King
   United States District Judge