UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AUSTIN COVINGTON, an individual, and WENDY BUCK, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> GERMAN WISE DENTAL LLC dba LOWER COLUMBIA ORAL HEALTH, a Washington limited liability company, and SAM WISE, an individual, <br><br> Defendants. | CASE NO. 3:20-cv-06173-LK <br><br> ORDER TO SHOW CAUSE |

This matter comes before the Court on Plaintiff Austin Covington's Status Report, Dkt. No. 97, and his Proposed Pretrial Order, Dkt. No. 96. Based on those filings, the Court orders both parties to show cause as set forth below.

**A.      Order to Show Cause to Mr. Covington**

Mr. Covington's February 1, 2023 Status Report reproduces emails between the parties, Dkt. No. 97 at 2–6, but does not attach them to a declaration sworn under penalty of perjury or otherwise authenticate them. *See* Fed. R. Evid. 901(a)–(b)(1) (to authenticate a document, "the

ORDER TO SHOW CAUSE - 1

proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is," such as testimony by a witness with knowledge); 28 U.S.C. § 1746(2) (laying out the requirements for declarations filed in federal court). And under the best evidence rule, "[a]n original writing, recording, or photograph is required in order to prove its content" unless a rule of evidence or a federal statute provides otherwise. Fed. R. Evid. 1002. Because Mr. Covington has not filed the actual emails or attached them to a declaration, the Court ORDERS him to show cause why the Status Report should not be stricken. Mr. Covington shall show cause and file properly authenticated documents by February 8, 2023. Otherwise, the Court will strike the Status Report. Dkt. No. 97.

B.   **Order to Show Cause to Dr. Wise**

Meanwhile, Dr. Wise has violated the Court's scheduling order, Dkt. No. 92, by failing to file a proposed pretrial order by January 31, 2023. He did not sign the proposed pretrial order filed by Mr. Covington. Dkt. No. 96 at 8–9. The Court notified him on February 1, 2023 that "[s]ignatures must be in accordance with FRCP 11 and LCR 83.2(a) and must comply with ECF Filing Procedures," and directed him to file a corrected signature page. *See* February 1, 2023 Notice. Despite that notice, Dr. Wise has not filed a proposed pretrial order with his signature.

By February 8, 2023, Dr. Wise must submit either (1) a proposed pretrial order with his signature, or (2) if he agrees to the proposed pretrial order submitted by Mr. Covington, a signed signature page to that proposed pretrial order as explained in the February 1, 2023 notice from the Court. If Dr. Wise does not comply with this Order, the Court will accept the Plaintiff's Second Amended Pretrial Order as the pretrial order in this case, except as follows:

    1. The Court will deem as stipulated the admissibility of all plaintiffs' exhibits listed on page 4.

    2. The Court will strike all witnesses listed as testifying on behalf of defendant on

ORDER TO SHOW CAUSE - 2

1                 page 3 except Dr. Wise and Mr. Covington.[1]

2         Dr. Wise's lack of compliance is especially concerning to the Court because it occurred despite the Court holding two status conferences in December 2022 to review, in detail, the trial process, deadlines, and consequences for failure to comply with the parties' obligations. The Court issued detailed agendas that were thoroughly discussed at both status conferences. Dkt. Nos. 85, 88, 90. The agendas contained an outline of pretrial deadlines under the Court's November 10, 2022 order, noting that "additional deadlines may apply under the FRCP and/or LCR." Dkt. No. 85 at 4–6; Dkt. No. 88 at 5–7; Dkt. No. 90 at 7–9. For each deadline requiring the parties to cooperate and file a joint submission, the agendas indicated that it was a "joint task." Dkt. No. 85 at 4–5; Dkt. No. 88 at 5–6; Dkt. No. 90 at 7–8. The agendas also provided links to relevant guidance, procedures, and rules, including Rule 16.1. Dkt. No. 85 at 1, 4–6; Dkt. No. 88 at 2, 5–6; Dkt. No. 90 at 5, 8–9. The Court provided a detailed explanation of the pretrial and trial process at the December 1, 2022 status conference, including with respect to the pretrial order:

> [T]here is work to be done ahead of the trial by the parties and the Court. I'm going to go through those specific deadlines now, which were submitted to the parties in my November 10th, 2022 order. Additional deadlines may apply under the Federal Rules of Civil Procedure and Local Civil Rules. . . .
>
> You'll see Local Civil Rule 51(e) for deadline for parties to exchange their pretrial statements before the revised Local Civil Rule 16.1 pretrial order is due, okay? Now, on the agreed revised Local Civil Rule 16.1 pretrial order, that is due January 31st, 2023 as well. That will include an exhibit list with completed authenticity, admissibility, and objections field. That is a joint task. You'll take a look at Local Civil Rule 16(h) and (i) for deadlines for the parties to exchange pretrial statements before you submit that to the court. And I've also done a link to Local Civil Rule 16.1.

12/1/2022 Status Conference Draft Tr. at 12–14. The Court explained that "joint task" meant "parties have to work together" and indicate to the Court in the joint submission whether an item

---

[1] Dr. Wise has provided no indication that the other witnesses' testimony has any bearing on the wage withholding claim.

ORDER TO SHOW CAUSE - 3

was disputed. *Id.* at 12, 14–15. The parties indicated that they had no questions regarding this procedure. *Id.* at 14, 18. The Court went on to explain the deadlines preceding a bench trial, *id.* at 19–20,[2] and entered a scheduling order confirming those deadlines after the parties consented to a bench trial, Dkt. No. 92.

At the same status conference, the Court even reviewed how to navigate CM/ECF to see the docket in the case. 12/1/2022 Status Conference Draft Tr. at 7–8.[3] When Dr. Wise responded that "obviously I can't understand that," the Court emphasized that it was Dr. Wise's "responsibility to put on [his] defense." *Id.* at 8. And when Dr. Wise stated that he was "unable to do" the work required to put on his defense, the Court emphasized that:

> it's very important for you to educate yourself on what is appropriate and inappropriate to present in front of a jury or a court, so that you're prepared to do so, otherwise I will have to halt your presentation or preclude your presentation or at worst enter a default judgment against you. This means that you'll be precluded from presenting inadmissible or inappropriate things in front of the Court and a default judgment in favor for the plaintiff will be entered against you.

*Id.* at 9.

At the second status conference, the Court again emphasized that "the docket entries come through the CM/ECF system" and that it was important for Dr. Wise to "access[] that CM/ECF system and making sure [he] do[es] that every time there is a notification." 12/15/2022 Status Conference Draft Tr. at 2; *see also id.* at 11. The Court also emphasized that Dr. Wise is "responsible for doing the research and being aware of these steps, the steps you need to take to comply with each of these requirements" and for "look[ing] up the rules of evidence and the potential objections" to exhibits listed in the pretrial order. *Id.* at 11, 13. The Court showed Dr. Wise the pretrial order the parties submitted last year prior to German Wise Dental LLC's

---

[2] *See also* Dkt. No. 85 at 4–6; Dkt. No. 88 at 5–7.

[3] The Court again reviewed the docket and certain salient entries in the CM/ECF system at the second status conference. 12/15/2022 Status Conference Draft Tr. at 11.

ORDER TO SHOW CAUSE - 4

bankruptcy, and repeated that "the local rules impose timing requirements on the parties to work together on that pretrial order before submitting it on January 31st." *Id.* at 16; *see also id.* at 12, 14, 15–16 ("[Y]ou're also going to have to work with [Mr. Covington's attorney] on a new pretrial order. . . . in accordance with the schedule that I'm about to go over."). In the agenda for that status conference, the Court indicated where in the docket the parties could find the pretrial submissions the parties filed last year. *Id.* at 16; Dkt. No. 88 at 5–6. And the Court reviewed the pretrial deadlines once again. 12/15/2022 Status Conference Draft Tr. at 16–17.

The Court has provided abundant notice to Dr. Wise regarding pretrial and trial procedures and requirements. The Court reminds Dr. Wise, again, that he must read all emailed notices from the Court, click on the link therein, and read the linked documents. Sanctions for failing to comply with applicable procedures, rules, or law in the future may include the "terminating sanction" of default judgment, as explained in greater detail below.

C.     **Notice Regarding Sanctions for Further Violations**

The Court cautions Dr. Wise that it will not tolerate further violations of its orders or applicable rules or law. Under Federal Rule of Civil Procedure 16(f), the Court may issue "any just orders," including Rule 37 sanctions, "if a party . . . is substantially unprepared to participate . . . in the [pretrial] conference[,] or fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(B)-(C). The available sanctions include:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii)  treating as contempt of court the failure to obey any order[.]

ORDER TO SHOW CAUSE - 5

Fed. R. Civ. P. 37(b)(2)(A) (incorporated by reference into Rule 16(f)); *see, e.g. In re Schuster*, No. 05-65049-13, 2008 WL 1840628, at *3 (Bankr. D. Mont. Apr. 23, 2008) ("Based on Plaintiff's refusal to register as an ECF user and failing to file a pretrial order, the Court imposed the sanction provided under Rule 37(b)(2)(A)(ii) and prohibited Plaintiff from offering any evidence to support his claims for relief."). In addition, "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). Finally, the Local Rules permit the Court to impose sanctions and penalties when a party:

> who without just cause fails to comply with any of the Federal Rules of Civil or Criminal Procedure, these rules, or an order of the court, . . . or who fails to prepare for presentation to the court, or who otherwise so multiplies or obstructs the proceedings in a case may, in addition to or in lieu of the sanctions and penalties provided elsewhere in these rules, be required by the court to satisfy personally such excess costs and may be subject to such other sanctions as the court may deem appropriate.

LCR 11(c) (incorporated into LCR 16(m)(1)).

The Court will not hesitate to impose more severe sanctions in the future for continued violations of applicable procedures, rules, or law.

Dated this 2nd day of February, 2023.

*Lauren King*
Lauren King
United States District Judge

ORDER TO SHOW CAUSE - 6