UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AUSTIN COVINGTON,<br><br>                Plaintiff,<br><br>  v.<br><br>SAM WISE,<br><br>                Defendant. | CASE NO. 3:20-cv-06173-LK<br><br>ORDER IMPOSING SANCTIONS |

      This matter comes before the Court sua sponte. Despite previous warnings that failure to meet Court deadlines and comply with all applicable rules and procedures would result in sanctions, the parties failed to comply with the Court's order that they file proposed findings of fact and conclusions of law by February 7, 2023. Dkt. No. 92 at 2. In addition, Dr. Wise refused to cooperate with Plaintiff to file the proposed pretrial order and then failed to respond to the Court's related Order to Show Cause. *See* Dkt. Nos. 98–100. He also failed to file a trial brief, which was due on February 7, 2023. Dkt. No. 92 at 2. As a result, the Court imposes sanctions as set forth below.

I.      BACKGROUND

The parties' noncompliance with this Court's orders has a long and unfortunate history. In March 2022, the Court found that the parties violated the Local Civil Rules, this Court's chambers procedures, and the scheduling order by filing a deficient proposed pretrial order, jury instructions, and agreed neutral statement of the case. Dkt. No. 44 at 1–5. The Court found that "[w]ithout adequate pretrial submissions from the parties," it could not "proceed to the pretrial conference or trial." Id. at 5. As a result, it struck their pretrial submissions, the pretrial conference, and the trial date. Id. at 5–6. The Court reminded the parties that they "are expected to meet deadlines and comply with all applicable rules and procedures" and cautioned them that "violations of the LCRs and chambers procedures may result in sanctions and penalties, up to and including judgment entered against an offending party with respect to a specific issue or the entire case." Id. at 5.

That warning went unheeded. In February 2023, the Court issued an order to show cause why sanctions should not be imposed because Dr. Wise violated the Court's scheduling order, Dkt. No. 92, by failing to file a proposed pretrial order by January 31, 2023. Dkt. No. 98 at 2.[1] Nor did he sign the proposed pretrial order filed by Mr. Covington. Dr. Wise also refused to cooperate in drafting and finalizing the proposed pretrial order, instead telling Plaintiff's counsel that he did not "have time and resources to waste on this matter." Dkt. No. 100 at 2, 6. The Court ordered that by February 8, 2023, Dr. Wise "must submit either (1) a proposed pretrial order with his signature, or (2) if he agrees to the proposed pretrial order submitted by Mr. Covington, a signed signature page to that proposed pretrial order as explained in the February 1, 2023 notice from the Court." Dkt. No. 98 at 2. The Court warned that if he did neither, the Court would:

---

[1] The order to show cause also required Mr. Covington to show cause why his Status Report, Dkt. No. 97, should not be stricken because he did not file or authenticate the emails referenced therein, Dkt. No. 98 at 1–2. Mr. Covington subsequently filed a compliant amended status report. Dkt. Nos. 99–100.

ORDER IMPOSING SANCTIONS - 2

> accept the Plaintiff's Second Amended Pretrial Order as the pretrial order in this case, except as follows:
>
>> 1. The Court will deem as stipulated the admissibility of all plaintiffs' exhibits listed on page 4.
>>
>> 2. The Court will strike all witnesses listed as testifying on behalf of defendant on page 3 except Dr. Wise and Mr. Covington.

*Id.* at 2–3. The order further informed Dr. Wise that the Court would not tolerate further violations of its orders or applicable rules or law, notified him that sanctions might be imposed for future violations, and listed the available sanctions. *Id.* at 5–6 ("The Court will not hesitate to impose more severe sanctions in the future for continued violations of applicable procedures, rules, or law."). Despite those warnings, Dr. Wise has not filed a proposed pretrial order, agreed to the version Plaintiff filed, or requested more time to do so.

In fact, Dr. Wise has not complied with any of the pretrial deadlines set by the Court's January 4, 2023 Order. Dkt. No. 92. To date, he has not filed a trial brief or proposed findings of fact and conclusions of law—both due on February 7, 2023. *Id.* at 2.

Mr. Covington likewise failed to file proposed findings of fact and conclusions of law by the due date.

Neither party has explained his failure to comply with the Court's order(s) or sought more time to submit pretrial materials.

## II.   DISCUSSION

Courts have authority to sanction parties or their lawyers for improper conduct under "(1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power." *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). A federal court's inherent "authority includes the ability to fashion an appropriate

ORDER IMPOSING SANCTIONS - 3

sanction for conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (cleaned up). In addition, under Federal Rule of Civil Procedure 16(f), the Court may issue "any just orders," including Rule 37 sanctions, "if a party . . . is substantially unprepared to participate . . . in the [pretrial] conference[,] or fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(B)-(C). The available sanctions include:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order[.]

Fed. R. Civ. P. 37(b)(2)(A) (incorporated by reference into Rule 16(f)); *see also O'Connell v. Fernandez-Pol*, 542 F. App'x 546, 547-48 (9th Cir. 2013) ("By the very nature of its language, sanctions imposed under Rule 37 must be left to the sound discretion of the trial judge."). Finally, the Local Civil Rules permit the Court to impose sanctions and penalties when a party:

> who without just cause fails to comply with any of the Federal Rules of Civil or Criminal Procedure, these rules, or an order of the court, . . . or who fails to prepare for presentation to the court, or who otherwise so multiplies or obstructs the proceedings in a case may, in addition to or in lieu of the sanctions and penalties provided elsewhere in these rules, be required by the court to satisfy personally such excess costs and may be subject to such other sanctions as the court may deem appropriate.

LCR 11(c) (incorporated into LCR 16(m)(1)).

Even though Dr. Wise is proceeding pro se, he is responsible for following the court's orders and all applicable rules. *See, e.g.*, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). "The court does not simply disregard a party's pro se status when considering sanctions." *Johnson v. Wang*, C16-1738-JLR, 2018 WL 3656260, at *2 (W.D. Wash. Aug. 2, 2018) (imposing monetary sanctions on pro se defendant who failed to appear at a pretrial conference or submit a pretrial order). This is because a pro se party "should not be allowed to willfully and in bad faith interfere

ORDER IMPOSING SANCTIONS - 4

with the court's ability to manage its docket and resolve litigation expeditiously[.]" *Id.* (quoting *Garity v. Donahue*, No. 2:11-cv-01805-MMD-CWH, 2014 WL 1168913, at *6 (D. Nev. Mar. 21, 2014)).

**A.      Sanctions for failing to file proposed findings of fact and conclusions of law**

Both parties have violated the Court's scheduling order by failing to file proposed findings of fact and conclusions of law by the February 7, 2023 deadline, Dkt. No. 92 at 2, even though the Court reminded them of that deadline during the December 15, 2022 status conference. 12/15/2022 Status Conference Draft Tr. at 17. Sanctions are therefore warranted under Federal Rule of Civil Procedure 16(f)(1)(C) and LCR 11(c). The Court accordingly limits the trial to one day, and each side shall have a total of 3.25 hours of time to present arguments and testimony. That amount of time should still be sufficient due to time savings from the other sanctions the Court is imposing, and because the trial comprises only one claim with no counterclaims or affirmative defenses and a small number of witnesses and exhibits. Dkt. No. 96. Notably, during the December 15, 2022 status conference, before the Court imposed sanctions striking some of Dr. Wise's proposed witnesses and all of his objections to the Plaintiff's exhibits, Plaintiff informed the Court that a day and a half was likely sufficient to complete the trial. 12/15/2022 Status Conference Draft Tr. at 17. Therefore, the time limit is reasonable. *See, e.g.*, *Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1508 (9th Cir. 1995).

**B.      Sanctions for Dr. Wise's failure to file a pretrial order**

Because Dr. Wise has failed to cooperate in drafting the proposed pretrial order, as required by Local Civil Rule 16(k), failed to file a proposed pretrial order,[2] and failed to remedy any of

---

[2] Local Civil Rule 16(k) requires parties to meet no later than ten days before the proposed pretrial order is filed to "enter into stipulations with reference to as many facts, issues, deposition excerpts, and exhibits as possible," and to "cooperate in developing" a "single pretrial order[.]"

ORDER IMPOSING SANCTIONS - 5

those deficiencies despite the Court's orders and warnings, the Court now imposes the sanction it previously warned Dr. Wise it would take: the Court accepts the Plaintiff's Second Amended Pretrial Order as the pretrial order in this case, except (1) the Court deems as stipulated the admissibility of all Plaintiff's exhibits listed on page 4 of the Second Amended Pretrial Order; and (2) the Court strikes all witnesses listed as testifying on behalf of Defendant—other than Mr. Covington and Dr. Wise—on page 3 of the Second Amended Pretrial Order. Dkt. No. 98 at 2–3; *see also, e.g., Ortega v. O'Connor*, 50 F.3d 778, 779 (9th Cir. 1995) ("There is no dispute that, in a proper case, a trial court may exclude a party's witnesses as a sanction for failure to comply with a pretrial order.") (citing Fed. R. Civ. P. 16(f)); *Blatt v. Shove*, No. C11-1711-RAJ, 2014 WL 6901748, at *1 (W.D. Wash. Dec. 5, 2014) (finding that plaintiff "waived his right to present exhibits at trial by failing to disclose any exhibits in preparing the pretrial order"); *Purpura v. Pizzurro*, No. 10-CV-1146-FB, 2011 WL 3511052, at *2 (E.D.N.Y. Aug. 10, 2011) (striking a party's portion of the joint pretrial order and precluding him from introducing unspecified witnesses and exhibits referenced therein); *Smith v. Bd. of Cnty. Comm'rs*, No. 1:09-CV-26 LH/DJS, 2011 WL 13282115, at *1 (D.N.M. Nov. 3, 2011) (granting defendants' request to substitute their own version of a proposed pretrial order after plaintiffs filed multiple noncompliant proposed pretrial orders).

C.  **Sanctions for Dr. Wise's failure to file a trial brief**

Dr. Wise has failed to file a trial brief or provide any explanation for that failure. In light of this failure, coupled with his failure to file a pretrial order, the Court deems his affirmative defenses abandoned. *See, e.g.*, *Williamson v. Gunvalson*, No. 2:13-cv-01019-JAD-EJY, 2021 U.S. Dist. LEXIS 110356, at *6 (D. Nev. June 13, 2021) (dismissing counterclaims as abandoned where defendants did not file a pretrial order or include the counterclaims in their trial brief). And even if they were not abandoned, the Court would strike them as a sanction for failure to comply with

ORDER IMPOSING SANCTIONS - 6

the Court's orders. *See* Fed. R. Civ. P. 37(b) (allowing courts to impose sanctions including "prohibiting the disobedient party from supporting or opposing designated claims or defenses . . . striking pleadings in whole or in part"); *see also Parker v. Witasick*, No. CV-06-903-PHX-GMS, 2009 WL 2710191, at *6 (D. Ariz. Aug. 26, 2009) ("Because Defendants have failed to submit a Proposed Final Pretrial Order, they will be precluded from presenting evidence or testimony in this matter, except to prevent manifest injustice.").

With respect to the above-listed sanctions, the Court has considered less severe sanctions, including but not limited to imposing fines and continuing the trial yet again, but finds that they would not be effective in light of the parties' continued failure to comply with the Court's orders.

The Court will not hesitate to impose more severe sanctions in the future, including but not limited to the terminating sanction of default judgment, for continued violations of applicable procedures, rules, or law.

### III.   CONCLUSION

For the foregoing reasons, the Court ORDERS and imposes the sanctions set forth in this order.

Dated this 9th day of February, 2023.

Lauren King
United States District Judge