UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AUSTIN COVINGTON,<br><br>                    Plaintiff,<br><br>   v.<br><br>SAM WISE,<br><br>                    Defendant. | CASE NO. 3:20-cv-06173-LK<br><br>ORDER EXCLUDING DEFENDANT'S NEWLY PROPOSED EXHIBITS |

This matter comes before the Court sua sponte regarding the admissibility of a set of new exhibits Dr. Wise emailed to the Court on February 14, 2023 for introduction at trial on February 21, 2023. For the reasons set forth below, the Court excludes these exhibits.

**I.     BACKGROUND**

On January 21, 2023, Mr. Covington filed a Second Amended Pretrial Order, Dkt. No. 96, that listed his proposed exhibits. And at Dr. Wise's insistence, Mr. Covington listed "all the exhibits his previous attorney identified as relevant to all the claims from both Plaintiffs," Dkt. No. 99 at 2, even though only Mr. Covington's wage claim is proceeding to trial on February 21, 2023. Despite his obligation to cooperate in the process of drafting and filing the proposed pretrial

ORDER EXCLUDING DEFENDANT'S NEWLY PROPOSED EXHIBITS - 1

order, Dr. Wise "was unwilling or unable to identify which exhibits were relevant to the single wage claim before the court." *Id.* at 2; *see also* Dkt. No. 100 at 5–13; LCR 16(k) (requiring parties to meet no later than ten days before the proposed pretrial order is filed to "enter into stipulations with reference to as many facts, issues, deposition excerpts, and exhibits as possible," and to "cooperate in developing" a "single pretrial order[.]").

On February 2, 2023, the Court issued an order to show cause why sanctions should not be imposed because Dr. Wise violated the Court's scheduling order, Dkt. No. 92, by failing to file a proposed pretrial order by January 31, 2023. Dkt. No. 98 at 2. The Court warned that if Dr. Wise failed to either affix his signature to Mr. Covington's proposed pretrial order or submit his own proposed pretrial order by February 8, 2023, it would adopt Mr. Covington's Second Amended Pretrial Order as the pretrial order in this case, with slight modifications not relevant here. When Dr. Wise did not respond to the order to show cause or comply with its terms, the Court adopted Mr. Covington's proposal, as modified, as the pretrial order. Dkt. No. 103 at 6.

## II.   DISCUSSION

On February 14, 2023, Dr. Wise emailed 42 documents to the Court's Courtroom Deputy and asked her to upload them as exhibits. Under the Court's Order Setting Trial Date and Related Dates, Dkt. No. 84, Dr. Wise's exhibits should have been listed in the pretrial order by January 31, 2023. *See also* LCR 16.1 (form of proposed pretrial order including exhibits). But Dr. Wise never submitted a pretrial order, despite this Court's scheduling order and its order to show cause. And he never sought the Court's permission to add the 42 new exhibits to the list of defense exhibits that Mr. Covington submitted in the Second Amended Pretrial Order.

Under Federal Rule of Civil Procedure 16(f), the Court may issue "any just orders," including Rule 37 sanctions, "if a party . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(B)-(C). The available sanctions include "prohibiting the disobedient party . . .

from introducing designated matters in evidence[.]" Fed. R. Civ. P. 37(b)(2)(A) (incorporated by reference into Rule 16(f)); *see also O'Connell v. Fernandez-Pol*, 542 F. App'x 546, 547–48 (9th Cir. 2013) ("By the very nature of its language, sanctions imposed under Rule 37 must be left to the sound discretion of the trial judge."). Pursuant to that authority, the Court excludes Dr. Wise's newly disclosed exhibits because they were not included in the pretrial order and Dr. Wise has not offered any explanation for his failure to do so. The Court has considered less severe sanctions, including but not limited to imposing fines and continuing the trial yet again, but finds that they would not be effective in light of the Dr. Wise's continued failure to comply with the Court's orders and the Local Civil Rules.

Nor has Dr. Wise met the standard to introduce new exhibits after the pretrial order has been accepted. In its February 9, 2023 order imposing sanctions, the Court "accept[ed] the Plaintiff's Second Amended Pretrial Order as the pretrial order in this case" with two exceptions not relevant here. Dkt. No. 103 at 6. Once a district court has issued a final pretrial order, modifications are permitted "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). "The purpose of [the final pretrial] order is to guide the course of the litigation," and "[o]nce formulated, [it] should not be changed lightly[.]" *Id.*, Advisory Committee's Note to 1983 Amendment (citing *Clark v. Pa. R.R. Co.*, 328 F.2d 591 (2d Cir. 1964)). Indeed, the Ninth Circuit has "consistently held that issues not preserved in the pretrial order have been eliminated from the action." *Hunt v. Cty. of Orange*, 672 F.3d 606, 617 (9th Cir. 2012) (quoting *S. Cal. Retail Clerks Union and Food Emp'rs Joint Pension Trust Fund v. Bjorklund,* 728 F.2d 1262, 1264 (9th Cir. 1984)). The Ninth Circuit has identified four factors district courts should consider when determining whether to modify the final pretrial order:

> (1) the degree of prejudice or surprise to the defendants if the order is modified; (2) the ability of the defendants to cure any prejudice; (3) the impact of the

> modification on the orderly and efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part of the party seeking the modification.

*Id.* at 616 (cleaned up). Dr. Wise, as the party seeking to modify the pretrial order, bears the burden "to show that a review of these factors warrants a conclusion that manifest injustice would result if the pretrial order is not modified." *Byrd v. Guess*, 137 F.3d 1126, 1132 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Little v. City of Manhattan Beach*, 21 F. App'x 651, 652 (9th Cir. 2001).

The factors weigh in favor of excluding the new exhibits. Mr. Covington would be surprised if the pretrial order is modified to include Dr. Wise's new exhibits after the Court held that it was accepting the previously filed version. Dkt. No. 103 at 6. And Mr. Covington would also be prejudiced if the Court were to allow dozens of new exhibits on the eve of trial, after the deadline to file motions in limine has passed. Dkt. No. 92 (motions in limine were due January 17, 2023). It does not appear that the prejudice could be cured or mitigated. If the Court were to allow the new exhibits, it would likely have to move the trial date to allow Mr. Covington time to address them, undermining the orderly and efficient disposition of this case. As for the last factor, it does not appear that Dr. Wise's conduct is the result of willfulness or bad faith, though it is unexplained. Therefore, he has not met his burden of demonstrating that manifest injustice would occur absent a modification of the pretrial order. *See Connecticut Fair Hous. Ctr v. CoreLogic Rental Prop. Sols., LLC*, No. 3:18-CV-705-VLB, 2022 WL 620735, at *2 (D. Conn. Mar. 3, 2022) (denying parties' motion to amend the pretrial order less than a month before trial and noting that "[s]pringing on an opponent on the eve of trial several new exhibits" deprives the other side "the benefit of challenging the evidence in pretrial proceedings" and deprives the court of "the benefit of reviewing admissibility challenges prior to trial, which again is the preferrable method of addressing predictable admissibility challenges").

### III. CONCLUSION

For the foregoing reasons, the Court EXCLUDES Dr. Wise's 42 newly proposed exhibits as set forth in this order.

Dated this 16th day of February, 2023.

*Lauren King*

Lauren King
United States District Judge