UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AUSTIN COVINGTON,<br><br>                Plaintiff,<br>   v.<br><br>SAM WISE,<br><br>                Defendant. | CASE NO. 3:20-cv-06173-LK<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY'S FEES AND COSTS |

This matter comes before the Court on Plaintiff Austin Covington's Motion for Attorneys' Fees, Costs and Disbursements. Dkt. No. 123. Defendant Sam Wise opposes the motion. Dkt. No. 130. For the reasons discussed below, the Court grants in part and denies in part the motion for attorney's fees and denies the request for costs without prejudice.

## I. BACKGROUND

Covington sued Dr. Sam Wise and his dental practice, German Wise Dental, LLC (collectively, "Defendants"), alleging, among other claims, that they willfully withheld a portion of his wages in violation of Section 49.52.050 of the Revised Code of Washington. Dkt. No. 1 at 21–22. Mr. Covington contended that Defendants failed to pay him (1) $4,500 in bonuses that he

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY'S FEES AND COSTS - 1

was owed collectively for September, October, and November 2019; (2) a $1,000 bonus promised in September 2019; and (3) wages for 10 hours of work on November 18, 2019. *Id.* at 22; Dkt. No. 122 at 6–7. He also averred that because Defendants acted willfully and with intent to deprive him of wages, he was entitled to double damages. Dkt. No. 1 at 22. In addition to Mr. Covington's wage withholding claim, Mr. Covington and his co-Plaintiff asserted nine other claims against German Wise Dental, LLC, including federal and state law claims for discrimination, retaliation, and harassment. *Id.* at 14–32.

The parties agreed to a bench trial, which was conducted on February 21, 2023. Dkt. No. 87 at 1–2; Dkt. No. 111. Mr. Covington and Dr. Wise were the only parties at trial because in June 2022, German Wise Dental, LLC filed a voluntary petition in bankruptcy in the United States Bankruptcy Court for the Western District of Washington. Dkt. Nos. 77–80. Pursuant to 11 U.S.C. § 362, all proceedings in the case against that entity were immediately stayed. That stay has not been lifted. Dkt. No. 122 at 2.

At the start of the trial, Mr. Covington withdrew his claim for compensation for the 10 hours of work on November 18, 2019. Trial Transcript ("Tr."), Dkt. No. 117 at 4–5. Mr. Covington also attempted to add a new claim for damages for his earned but unpaid time off, but the Court disallowed the claim because it was not in Mr. Covington's pretrial submissions or in the Court's signed Pretrial Order. *Id.* at 4; Dkt. No. 110 (Pretrial Order); *see also* Fed. R. Civ. P. 16(e) (a "court may modify the order issued after a final pretrial conference only to prevent manifest injustice"); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Therefore, the trial focused solely on whether Dr. Wise wrongfully and/or willfully refused to pay Mr. Covington bonuses allegedly owed to him. *See* Tr. at 5.

After trial and the submission of post-trial briefs, the Court issued its findings of fact and conclusions of law. Dkt. No. 122. The Court found that although Mr. Covington had a written

employment contract with Defendants, the contract did not require Defendants to pay $1,500 monthly bonuses to Mr. Covington as wages. *Id.* at 4, 9–10. However, Dr. Wise did offer to pay Mr. Covington a $1,000 bonus in September 2019, and Mr. Covington accepted that offer. *Id.* at 11. And "[b]ecause the $1,000 bonus promised by Dr. Wise was compensation due to Mr. Covington by reason of employment, it constituted wages under Section 49.46.010(7)" of the Revised Code of Washington. *Id.* at 12.

The Court also found that "Dr. Wise violated Section 49.52.050 of the Revised Code of Washington by willfully and intentionally failing to pay Mr. Covington the $1,000 bonus he was obligated to pay Mr. Covington by statute and contract." *Id.* "Because Dr. Wise willfully and intentionally deprived Mr. Covington of the $1,000 bonus that Dr. Wise was obligated to pay, Mr. Covington is entitled to recover $2,000—'twice the amount of the wages unlawfully rebated or withheld.'" *Id.* at 14 (citing Wash. Rev. Code § 49.52.050(2); quoting *id.* § 49.52.070). The Court thus awarded Mr. Covington $2,000 under Section 49.52.070. *Id.* The Court also found that Mr. Covington was entitled to recover his reasonable costs and attorney's fees. *Id.* (citing Wash. Rev. Code § 49.52.070).

The Court stated that Mr. Covington could file a motion for reasonable attorney's fees "include[ing] appropriate evidentiary support and address[ing] whether full fees are appropriate in light of Mr. Covington's partial success at trial." *Id.* Mr. Covington filed a timely motion seeking $68,410 in attorney's fees and $400 in costs, for an aggregate total of $68,810. Dkt. No. 123 at 1.

Mr. Covington seeks the following fees:

| Attorney | Position | Hourly Rate | Billed Hours | Total |
|---|---|---|---|---|
| Joseph Haddad | Lead Attorney | $485 | 46.3 | $22,455.50 |
| Alina Salo | Attorney | $350 | 4.3 | $1,505 |
| Cara Defilippis | Attorney | $295 | 56.6 | $16,697 |

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY'S FEES AND COSTS - 3

| Jennifer Reger | Attorney | $275 | 14.5 | $3,987.50 |
| Naomi Moga | Paralegal | $175 | 100.8 | $17,640 |
| Ashley Winslow | Paralegal | $175 | 35 | $6,125 |
| **Total** | | | | **$68,410** |

*Id.* at 3. Mr. Covington states that "[t]he requested fees have been reduced by ninety percent (90%) on any entries which pertain to the entire lawsuit, as this matter is one of ten claims brought forth by Plaintiffs Buck and Covington on the Complaint." *Id.* at 2–3. He further notes that the total amount requested "has been reduced by any legal work which was redone due to mistake and/or court order." *Id.* at 3.

Dr. Wise responds that the motion for fees should be "denied in its entirety." Dkt. No. 130 at 1. He argues that Mr. Covington did not comply with the Court's directive that any motion for attorney's fees must "include appropriate evidentiary support and address whether full fees are appropriate in light of Mr. Covington's partial success at trial." Dkt. No. 130 at 2 (quoting Dkt. No. 122 at 14). Dr. Wise also notes that Mr. Covington was "not the prevailing party on 4500/5500 dollars of [his] relief claimed." *Id.* Mr. Covington did not file a reply.

## II.   DISCUSSION

**A.   Attorney's Fees**

1. <u>Legal Standard</u>

Federal Rule of Civil Procedure 54(d) provides a mechanism for awarding costs and attorney fees when otherwise authorized by "statute, rule, or other grounds[.]" Fed. R. Civ. P. 54(d)(2)(B)(ii). Section 49.52.070 of the Revised Code of Washington allows for recovery of reasonable attorney's fees and costs.

Attorney's fee awards in Section 49.52.070 cases are determined by calculating the "lodestar figure," which involves "multiplying the number of hours reasonably expended by a reasonable hourly rate." *Schutt v. Gardner*, No. 18-5832-RJB, 2019 WL 13204168, at *2 (W.D.

Wash. Apr. 4, 2019) (citing *Chuong Van Pham v. City of Seattle, Seattle City Light*, 151 P.3d 976, 981 (Wash. 2007)); *Morgan v. Kingen*, 169 P.3d 487, 496 (Wash. Ct. App. 2007).[1] The fee applicant bears the burden of proving the reasonableness of the fees requested. *Scott Fetzer Co. v. Weeks*, 859 P.2d 1210, 1216 (Wash. 1993).

    2. <u>Lodestar Calculation</u>

        *(a) Reasonableness of Hourly Rates*

The reasonable hourly rate is based on prevailing market rates for the lawyer's services. *Id.* at 1215–16. To determine the prevailing rate, courts consider "[t]he rates of comparable attorneys in the forum district," the experience, skill, and reputation of the lawyer requesting fees, and the court's own knowledge of and familiarity with the legal market. *Schutt*, 2019 WL 13204168, at *2. Courts may also consider an attorney's established rates for billing clients, which is not conclusive. *Saunders v. Schweinhaus, Inc.*, No. 2:22-cv-00074-RAJ, 2022 WL 17820566, at *2 (W.D. Wash. Dec. 20, 2022).

Mr. Covington submitted records listing the names and titles of the billers, the dates they performed their work, the amount of time billed, and a description of the tasks performed. Dkt. No. 124 at 5–10. The billers have also submitted declarations describing their experience. *Id.* at 2 (Joseph Haddad stating that he has been practicing since 2000, representing clients in a variety of employment disputes); Dkt. No. 125 at 1–2 (Alina Salo stating that she was admitted to practice in 2016 and that the "vast majority" of her cases have involved employment law and wage cases); Dkt. No. 126 at 2 (Cara Defilippis stating that she has been practicing business and employment law since 2014); Dkt. No. 127 at 2 (Jennifer Reger stating that she was admitted to practice in 2021

---

[1] Federal courts exercising pendent jurisdiction over state law claims must apply state law when determining fees for those claims. *See Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478–79 (9th Cir. 1995); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) ("Because Washington law governed the claim, it also governs the award of fees.").

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY'S FEES AND COSTS - 5

and practices family law and conducts employment and business litigation); Dkt. No. 128 at 1 (Naomi Moga stating that she has been a paralegal since 2020); Dkt. No. 129 at 1 (Ashley Winslow stating that she has been a paralegal since 2023).

Dr. Wise does not dispute the hourly rates requested. *See generally* Dkt. No. 130. The Court finds that the hourly rates for the attorneys (listed above) are reasonable based on their experience and the rates in the prevailing market. *See, e.g.*, *Saunders, Inc.*, 2022 WL 17820566, at *2 (finding reasonable a $450 hourly rate for a firm's owner and managing partner and a $350 hourly rate for an attorney with five years of employment law experience); *Gamble v. State Farm Mut. Auto. Ins. Co.*, No. C19-5956-MJP, 2022 WL 92985, at *6 (W.D. Wash. Jan. 10, 2022) (approving hourly rates of $475 and $300 for counsel).

However, in light of their limited experience, the paralegals' rates are not reasonable. Ms. Winslow's declaration states that she started working as a paralegal in 2023 after previously working at another firm as a legal assistant, and as of April 2024, she had "2 years' experience as a paralegal[.]" Dkt. No. 129 at 1. The math does not add up to two years' experience; it appears that when Ms. Winslow started billing in this case in January 2023, Dkt. No. 124 at 9, she had no paralegal experience. Ms. Moga started working as a paralegal in 2020, Dkt. No. 128 at 1, and thus had two to four years' experience when she worked on this case, Dkt. No. 124 at 6–10. Mr. Covington has not provided any information regarding their skill or comparable cases that might justify the requested rates for a new and relatively new paralegal, respectively. Based on comparable rates in this district and their limited experience, a reasonable hourly rate for Ms. Winslow is $140 and for Ms. Moga is $145. *See, e.g.*, *Black Lives Matter Seattle-King Cnty. v. City of Seattle*, 516 F. Supp. 3d 1202, 1213 (W.D. Wash. 2021) (finding that $145 was a reasonable hourly rate for paralegal work in Seattle where the plaintiffs failed to provide evidence justifying requested paralegal rates of $285 and above); *Goldstine v. FedEx Freight Inc.*, No. C18-1164-

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY'S FEES AND COSTS - 6

MJP, 2021 WL 952325, at *3 (W.D. Wash. Mar. 12, 2021) (finding $150 hourly rate reasonable for paralegal with eight years of experience); *Stewart v. Snohomish Cnty. Pub. Util. Dist. No. 1*, No. C16-0020-JCC, 2017 WL 4538956, at *1 (W.D. Wash. Oct. 11, 2017) (approving hourly paralegal rates between $145 and $240).

### (b) Reasonableness of Hours Expended

Parties seeking attorney's fees must provide "reasonable documentation of the work performed" in order to allow the court to assess whether the number of hours expended was reasonable. *McGreevy v. Or. Mut. Ins. Co.*, 951 P.2d 798, 802 (Wash. Ct. App. 1998) (citation omitted). The "documentation need not be exhaustive or in minute detail, but must inform the court, in addition to the number of hours worked, of the type of work performed and the category of attorney who performed the work[.]" *Bowers v. Transamerica Title Ins. Co.*, 675 P.2d 193, 203 (Wash. 1983).

Because courts must limit the lodestar to hours reasonably expended, they should discount hours spent on unsuccessful claims, duplicated effort, or otherwise unproductive time. *See Scott Fetzer Co.*, 859 P.2d at 151; *Morgan*, 169 P.3d at 496. Hours spent on unsuccessful claims may be compensable if they share a "common core of facts and related legal theories" with successful claims. *Chuong Van Pham*, 151 P.3d at 981 (quoting *Martinez v. City of Tacoma*, 914 P.2d 86, 94 (Wash. Ct. App. 1996)). The party seeking fees has the burden of segregating the time spent on issues for which fees are recoverable from the time spent on other issues. *Loeffelholz v. Citizens for Leaders with Ethics and Accountability Now (C.L.E.A.N.)*, 82 P.3d 1199, 1212 (Wash. Ct. App. 2004). Attorney's fees awards must reflect such a segregation unless "the trial court finds the claims to be so related that no reasonable segregation of successful and unsuccessful claims can be made[.]" *Hume v. Am. Disposal Co.*, 880 P.2d 988, 997 (Wash. 1994).

Here, Mr. Covington has provided reasonable documentation of the work performed. Dkt.

Nos. 124 at 5–10. He has submitted records documenting the hours billed by his attorneys and paralegals as well as the tasks performed. *Id.* Mr. Covington's counsel has also eliminated any hours that did not relate to Mr. Covington's wage claim "or that appeared to be duplicative or clerical in nature." *Id.* at 4. Although Dr. Wise argues that Mr. Covington has failed to prove the reasonableness of his fees, Dkt. No. 130 at 5, he does not identify any specific time entries that should have been eliminated or reduced.

Dr. Wise also argues that Mr. Covington should have further reduced the number of hours requested "to separate out time spent on their unsuccessful claim, as is their burden." Dkt. No. 130 at 3. Dr. Wise does not elaborate on that point, and Mr. Covington does not have any unsuccessful claims at this point.[2] Mr. Covington prevailed on his wage withholding claim, and the other nine claims remain pending as set forth above.

Although Dr. Wise is correct that Mr. Covington's counsel has not segregated their time between the one successful claim and the nine pending claims, that failure does not justify awarding him no fees at all. *See, e.g.*, *Klein v. Kim*, No. 2:20-cv-01628-BJR, 2023 WL 2017978, at *2 (W.D. Wash. Feb. 15. 2023) (rejecting defendant's request to deny fees entirely where plaintiff's counsel failed to segregate the attorney time dedicated to each claim). In addition, Mr. Covington has segregated his fees, to an extent. His counsel avers that "[a]ny and all work that was entered for the lawsuit generally has been reduced by 90% of the time actually billed for each assignment," representing "the 1 out of 10 claims that were brought by Plaintiffs Buck and Covington, since the parties tried only one of the initial ten claims for relief." Dkt. No. 124 at 2.

---

[2] Dr. Wise's reference to an "unsuccessful claim" may be to Mr. Covington's unsuccessful request at trial for the value of his accrued but unpaid time off. Tr. at 4. However, Dr. Wise does not identify, and the billing records do not reveal, any segregable time entries dedicated to that issue. Although Mr. Covington did not prevail on his request for $4,500 in bonuses under his employment contract, Dkt. No. 122 at 9–12, the request for those bonuses and the $1,000 bonus share a common core of facts and legal theories. Thus, further segregation is not possible or necessary. *Chuong Van Pham*, 151 P.3d at 981; *Hume*, 880 P.2d at 997.

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY'S FEES AND COSTS - 8

Mr. Covington appropriately does not seek fees for work performed on his co-Plaintiff's claims or his discrimination and harassment claims, which are not based on legal theories related to his wage withholding claim. A 90% reduction in fees for tasks that pertained to all claims, such as drafting the complaint, initial disclosures, and discovery requests, reflects an appropriate segregation of fees between the one successful claim and the nine remaining claims. Although reducing the total amount of fees by a percentage is imprecise, there appears to be no more accurate way to determine how much of the time devoted to all claims was spent on the successful claim in particular. *See, e.g.*, *Martinez*, 914 P.2d at 94 (noting that the jury's rejection of a claim "might justify a reduction in the fee, but only in proportion to the amount of time devoted to [the rejected] claim"); *Klein*, 2023 WL 2017978, at *2 (awarding plaintiffs 45% of their requested fees for the estimated time spent litigating their successful claim). Accordingly, the Court finds that Mr. Covington's fee request reflects a reasonable number of hours.

      3.   Final Lodestar Amount

In sum, after the Court adjusts the hourly rates of Ms. Winslow and Ms. Moga, the lodestar amounts are:

| Attorney | Hourly Rate | Adjusted Hourly Rate | Billed Hours | Total |
|---|---|---|---|---|
| Joseph Haddad | $485 | $485 | 46.3 | $22,455.50 |
| Alina Salo | $350 | $350 | 4.3 | $1,505 |
| Cara Defilippis | $295 | $295 | 56.6 | $16,697 |
| Jennifer Reger | $275 | $275 | 14.5 | $3,987.50 |
| Naomi Moga | $175 | $145 | 100.8 | $14,616 |
| Ashley Winslow | $175 | $140 | 35 | $4,900 |
| **Total** | | | | **$64,161** |

      4.   Adjustments to the Lodestar Amount

After the lodestar amount has been calculated, "the court may consider the necessity of adjusting it to reflect factors not considered up to this point." *Bowers*, 675 P.2d at 204. The party

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY'S FEES AND COSTS - 9

proposing a deviation from the lodestar bears the burden of justifying the deviation. *Id.* "Adjustments to the lodestar are considered under two broad categories: the contingent nature of success, and the quality of work performed." *Id.* The contingency factor "is designed solely to compensate for the possibility . . . that the litigation would be unsuccessful and that no fee would be obtained." *Id.* (quoting *Copeland v. Marshall*, 641 F.2d 880, 893 (D.C. Cir. 1980)). That risk factor should not be applied if the fee arrangement "assures the attorney of fees regardless of the outcome of the case" or when "the hourly rate underlying the lodestar fee comprehends an allowance for the contingent nature of the availability of fees[.]" *Id.* The quality of the work factor "is an extremely limited basis for adjustment" because it will be reflected in the reasonable hourly rate "in virtually every case[.]" *Id.* Courts may also consider time limitations imposed on the litigation, the amount of the potential recovery, and the undesirability of the case. *Id.* at 203–04. Mr. Covington does not seek any adjustment to the lodestar amount. *See generally* Dkt. No. 123.

Dr. Wise contends that Mr. Covington should not receive any fees, or in the alternative that his fees should be reduced, because he "lost 81.8% of the total value of his claim in the trial[.]" Dkt. No. 130 at 2. As Dr. Wise notes, Mr. Covington sought $5,500 but recovered only $1,000, with both figures subject to doubling for willful withholding. *Id.*; *see also* Dkt. No. 122 at 14.

True enough, "a lodestar figure which grossly exceeds the amount involved should suggest a downward adjustment." *Scott Fetzer Co.*, 859 P.2d at 1216. "While the amount in dispute does not create an absolute limit on fees, that figure's relationship to the fees requested or awarded is a vital consideration when assessing their reasonableness." *Id.* However, Section 49.52.70 "was 'enacted to prevent abuses by employers in the labor-management setting' and reflects 'the legislature's strong policy in favor of payment of wages to employees.'" *Schutt*, 2019 WL 13204168, at *4 (quoting *Jumamil v. Lakeside Casino, LLC*, 319 P.3d 868, 877 (Wash. Ct. App. 2014)). Thus, Washington's wage statutes "should be construed liberally to effectuate [their]

purpose[.]" *Saunders*, 2022 WL 17820566, at *2 (quoting *Int'l Ass'n of Fire Fighters, Local 46 v. City of Everett*, 42 P.3d 1265, 1267 (Wash. 2002)). To that end, "even the recovery of small wage amounts justifies the granting of attorney fees." *Id.*; *see also Schilling v. Radio Holdings, Inc.*, 961 P.2d 371, 374 (Wash. 1998) ("By providing for costs and attorney fees, the Legislature has provided an effective mechanism for recovery even where wage amounts wrongfully withheld may be small."). Furthermore, "[a] reduction in attorneys' fees due to the size of the recovery conflicts with the remedial purposes behind the wage statues." *Schutt*, 2019 WL 13204168, at *4. Although Mr. Covington's ultimate recovery—$2,000—is less than he sought, denying him attorney's fees or drastically reducing those fees would undermine the purpose of the statute's fee-shifting scheme and make it more difficult for wronged employees to obtain competent representation. *Martinez*, 914 P.2d at 95 (reversing reduction in fees in state law employment discrimination case in light of the remedial nature of the statute). Mr. Covington has prevailed, and an award of damages lower than what he sought "does not erase the fact that [he] won 'substantial relief.'" *Id.* at 94.

In addition, although the fee award requested is significantly more than the $2,000 recovered, it is not "grossly disproportionate." *Schutt*, 2019 WL 13204168, at *4. The Court therefore declines to eliminate or reduce the lodestar amount as Dr. Wise requests, and awards Mr. Covington $64,161 in attorney's fees.

**B.    Costs**

Mr. Covington seeks to recover the $400 filing fee he paid in this case. Dkt. No. 123 at 1; Dkt. No. 124 at 1. Federal Rule of Civil Procedure 54(d)(1) allows for an award of costs to the prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. Here, Section 49.52.070 allows for recovery of costs.

However, Mr. Covington's request for costs is procedurally improper. Motions for costs are properly considered by the Clerk of Court, and "[a] motion for attorney's fees should not be included in the motion for costs to the clerk[.]" LCR 54(d)(3), (d)(5). Mr. Covington did not direct his motion for costs to the Clerk of Court or file it separately. The Court will not refer the portion of the motion seeking costs to the Clerk of Court because the motion and declarations do not include the required verification of costs. *See* 28 U.S.C. § 1924.[3] The request for costs is therefore denied without prejudice and may be refiled after judgment is entered. LCR 54(d)(1).

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Mr. Covington's motion for attorney's fees and costs. Dkt. No. 123. The Court awards Mr. Covington $64,161 in attorney's fees and denies his request for costs without prejudice.

Dated this 24th day of July, 2024.

Lauren King
United States District Judge

---

[3] If Mr. Covington seeks to recover costs, he is encouraged to use the Bill of Costs form (AO-133) available on the Court's website. https://www.uscourts.gov/sites/default/files/ao133.pdf.